B   646
123   458

WILLIAM H. PLATT et al., Executors, etc., Respondents, *v.* GEORGE W. PLATT, Appellant.

Upon appeal to this court from an order of General Term denying a motion for a new trial, in a case tried by the court, where the decision does not authorize a final judgment but directs further proceedings, questions of fact are not reviewable.

It is only where a judgment rendered in an action tried by the court is reversed by the General Term, and it appears in the order of reversal that it was upon the facts, that they can be reviewed here. (Code, § 268.)

It is especially where, by reason of neglect or delay, rights have been acquired which it would be unjust to disturb, that a court of equity refuses to give its aid in favor of an equitable claim when a less period than the corresponding one fixed by the statute of limitations has elapsed. The objection of laches will not be readily listened to where there has been no material change in the situation of the defendant or in the subject-matter of the action caused by or growing out of plaintiff's delay.

Laches cannot be said to exist where a party is ignorant of his rights, or where, though apprehensive of them, there is such an obscurity in the transaction that he must, with painstaking, gather the facts or the evidence of them upon which the successful prosecution of the action must depend.

(Argued February 14, 1874 ; decided September 22, 1874.)

THIS was an appeal from an order of General Term, denying a motion for a new trial on a case made pursuant to sec-

tion 268 of the Code.   (Reported below, 2 N. Y. S. C. [T. & C.], 225.)

The action was an equity one tried by the court.   The decision did not authorize final judgment, but directed further proceedings.   It was claimed upon the part of the appellant that the whole case, both upon the facts and the law, was reviewable here.   *Held*, as above; and that this court could only scrutinize the testimony so far as to discover whether there was any competent evidence on which to base the findings of fact to which exceptions have been taken.   Also that there was testimony sufficient to establish, directly or by permissible inference, the material facts found and excepted to.

The action was brought to set aside certain transfers and conveyances of personal and real property made by plaintiffs' testator to defendant, upon the ground of fraud and undue influence.   Evidence was given upon the part of plaintiffs tending to show that, by the understanding of the parties at the time of the transaction complained of, the property was to be held by defendant for the benefit of said testator.   The latter died a little less than three years after the transfer.   He was then in a feeble condition of mind and body, growing worse until his death.   It did not appear that he had any information of the falsity of the representations which, as alleged, induced the transfer.   He relied upon and placed great confidence in defendant, and there was no evidence that the latter repudiated the understanding, but evidence was given of acts showing a seeming observance of his promises. This action was commenced less than four years after the testator's death.   It was not until some time after the death that defendant apprised plaintiffs that he repudiated his promises as to holding the property and that he claimed the same absolutely.   Defendant claimed that plaintiffs were chargeable with "laches," "acquiescence" and "lying by," such as should defeat a recovery.   The court *held* otherwise; that the testator was not chargeable with acquiescence, as the defendant did not assert rights hostile to his; nor with laches, as he had no knowledge of the falsity of the statements made; also that plaintiffs were chargeable with neither under the circumstances ; it also appearing that the situation of defend-

ant and the property had not materially changed in consequence of the delay. The court laid down the principles as to laches as above stated, citing *Blennerhasset* v. *Day* (2 Ball & Beat., 104); *Murray* v. *Palmer* (2 Sch. & Lef., 487).

Several of the parcels of land conveyed were subsequently bid off by defendant upon foreclosure sale. The Special Term directed a reconveyance holding, however, that he had an equitable lien for the amount paid by him upon such sales and upon the mortgages and directed judgment accordingly. Defendant claimed here that he had a right to retain possession until he had been repaid the amounts so paid by him, and that such direction was, therefore, erroneous. *Held*, that the decision, in effect, preserved the defendant's rights, and although informal would not be disturbed.

Of the property transferred the larger portion was the testator's interest in partnership property, of which partnership he and defendant were members. Among other property was a large amount of bills receivable and book accounts. After evidence had been given on the part of plaintiff, that prior to the transfer defendant caused to be prepared lists of these bills and accounts, and that from amounts of different items of these lists he directed, of his own motion and without reference at the time to any particular facts, large deductions to be made. One of the plaintiffs as a witness, after it was shown by him, without objection, that he was acquainted with the value of the bills and accounts, was allowed to answer, under objection, whether the deductions were properly made or not. He answered that they were not. *Held*, no error; that the testimony was not simply of opinion but was from knowledge, and although the question was general it was for the cross-examiner to test the value of the testimony by inquiry as to particular items and as to the exactness and extent of witness's knowledge.

The physician who attended the testator was dead at the time of the trial. Plaintiffs were allowed to prove the directions given by him, on his professional visits, as to the treatment of the patient. *Held*, no error; that the testimony was proper as part of the *res gestæ*.

It appeared upon the trial that defendant had certain books

of the partnership business which he refused to produce when required by the court so to do. Plaintiffs were permitted to ask a witness acquainted with the kind of business carried on how much capital it would take to carry on the business of the partnership. A witness for defendant was asked the same question. This was objected to upon the ground that the books should be produced, and objection sustained. *Held*, no error; that for the contumacy of defendant in refusing to produce the books the court had the right to prevent him from meeting the secondary proof of plaintiffs with like proof. (*Bogart* v. *Brown*, 5 Pick., 18.)

Evidence of the declarations of the defendant that he was taking the property for the purpose of holding and protecting it for the benefit of the testator and his children was received under objection. The objection was, that a trust could not be established by parol. The court, upon admitting it, ruled that it was not received to show a resulting trust or valid agreement, but to show the pretended purpose of defendant and his real intent to obtain the property for himself. *Held*, that for the purpose for which it was received the evidence was competent.

Various other questions as to the reception or rejection of evidence were disposed of upon the ground that the rulings were proper under the peculiar circumstances of the case, or that the exceptions were too general.

*Francis Kernan, S. P. Nash, Edward S. Clinch* and *S. W. Gaines* for the appellant.

*James Emott, Charles Tracey* and *W. R. Martin* for the respondents.

FOLGER, J., reads for affirmance.
All concur, except CHURCH, Ch. J., not voting.
Order affirmed.