### DOLE et al. v. BELDEN.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. EVIDENCE—DOCUMENTS—PROOF OF CONTENTS.
　　Where notice is given to plaintiff, on his examination, after being examined as a witness as to certain letters, to produce all letters, papers, and accounts relating to the transaction in suit, and he refuses to do so, being so instructed by his counsel, making no claim that he has not such papers, a proper foundation is laid for proof of their contents by defendant, without previously showing that he did not retain copies. DANIELS, J., dissenting.

2. SAME—DOCUMENTS—PROOF OF CONTENTS—REBUTTING TESTIMONY.
　　Where plaintiff refused, in his examination in chief, to produce certain papers in his possession, after defendant had given secondary evidence of their contents, plaintiff could not, in rebuttal, testify as to the contents of the papers.

Appeal from judgment on report of referee. On reargument.

Action by W. H. Dole and Frank B. Merrill against Charles D. Belden, for the recovery of money due on contract for goods sold, etc. There was judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Henry Daily, Jr.*, for appellants. *Shearman & Sterling*, (*Thomas G. Shearman*, of counsel,) for respondent.

VAN BRUNT, P. J. This case comes before the court upon a reargument. Upon the previous argument the court came to the conclusion that the learned referee had committed an error in admitting certain parol testimony of written instruments, because no sufficient notice to produce the written instruments had been given so as to entitle the defendants to introduce the parol testimony. Frank B. Merrill, one of the plaintiffs, being upon the stand, was being examined in regard to certain letters which he had received from the defendant, and upon certain letters being produced he was asked the question by the learned counsel for the defendant upon cross-examination, "When I asked you on your cross-examination to produce letters from Mr. Belden, you stated you had none with you;" and the witness answered, "I didn't have them, sir. *Question.* How is it that you now produce them on your redirect examination? *Answer.* They came into the room since. *Q.* Then please produce them." The plaintiffs' counsel declines to produce the letters. The question is then asked: "Please produce all letters, papers, and accounts in any way relating to the matters in controversy in this action which

you have at any time received from Chas. D. Belden or Robert R. Noble." The plaintiffs' counsel instructs the witness not to produce them, and the witness makes no answer. "*Question.* Will you now produce those letters, some of which I see are now on the table before us? *Answer.* Those have been produced and put in. *Q.* Will you produce those letters now lying on the table? *A.* That is for my lawyer to do what he has a mind to with those;" and the counsel refused to produce any letters except those, parts of which had been marked in evidence. The witness stated, upon further examination, that he had other letters in the room. The plaintiffs having rested, the defendant called as a witness one Robert R. Noble, and he testified that he sent to the plaintiffs accounts between the defendant and them. He was then asked: "State, as nearly as you can recollect, the contents of such accounts." This was objected to, upon the ground that parol evidence could not be given of their contents; that the papers themselves were the best evidence, or copies of them; and that it had not yet been shown that copies were not retained. The objection was overruled, and the witness allowed to answer as to the contents of these accounts. In this no error was committed. Notice had been given to produce all letters, papers, and accounts relating to this transaction, and it is apparent from the record that it was the intention of the plaintiffs to refuse to produce any documents under any such notice. The record shows that the plaintiffs' counsel instructed the witness not to produce them. No claim was made but that the plaintiff had them, that he had letters and papers, and that he had accounts relating to this transaction. But it is apparent that he insisted upon his legal right to refuse to produce them under the notice given; because when certain letters, part of the papers called for, were proved to be in the room, and upon the table at which the examination was being conducted, the refusal was persisted in, upon the ground that a party could not be compelled to produce papers by any such method. This is the position which the plaintiffs' counsel assumed, and made no plea of not having the papers, or that the notice was insufficient. Under these circumstances, a proper foundation for the introduction of parol proof in regard to these papers, accounts, and letters was clearly laid. It is claimed that this notice called attention more particularly to the letters, and could not be held to apply to the accounts, because the accounts were not being inquired about. It does not seem to be at all important that at that particular time the accounts were not being inquired about, because the counsel had the right to give a general notice at that time for the production of papers he might in the future need, and desire to inquire through this witness or others in respect to; and this was the notice given as to which there is manifest upon the record a plain refusal to comply, putting the party to his secondary evidence. Under these circumstances, the referee committed no error in the admission of the testimony in question.

The only other exception which it is necessary to consider is that arising upon the question put to Charles D. Belden, upon cross-examination, which was as follows: "Was there anything on this bill that you remember which would indicate to you that sugar was shipped, or by whom it was received?" This question was objected to upon the ground that it was an attempt to prove the contents of a written instrument, and the objection was sustained. These bills were the same accounts which had been called for on the notice, and which the plaintiffs' counsel had refused to produce. Upon his direct examination, it does not appear that Belden had been examined at all in regard to the contents of these accounts, and this was an attempt upon the part of the plaintiffs to introduce parol evidence of the contents of accounts which they had refused to produce upon proper notice. That the referee was justified in excluding that evidence is supported by the case of *Platt* v. *Platt*, 58 N. Y. 646, where it is distinctly held that a party will not be allowed to give secondary evidence of papers which are in his possession, and which he

has refused to produce upon notice. We think, therefore, that we were mistaken in the view which we previously took in regard to the validity of this exception, and that the judgment appealed from should be affirmed, with costs.

BARTLETT, J., concurs.

DANIELS, J. I still think that the oral notice was not sufficient to entitle the defendant to give the evidence which was taken of the accounts. It did not appear that they were present when the notice was given, or that they could be produced before the proof was received. It was the letters that were the subject of the examination of the witness; no reference was made in the questions and answers to accounts. And it did not appear at the time to be in the power of the witness to then produce them. To render evidence of their contents admissible, it should at least have appeared that they were present, or that the witness had an opportunity to obtain them, before the evidence was received. And neither of these facts was shown.