STATE OF MONTANA, RESPONDENT, v. JONES, APPEL-
LANT.

(No. 2,099.)

(Submitted May 1, 1905. Decided May 29, 1905.)

*Criminal Law—Rape—Information—Sufficiency — Charging
Several Offenses—Jurors—Challenges—Burden of Proof—
Statutory Provisions—Motion to Discharge Jury—Sustain-
ing Challenge — Exceptions — Evidence — Previous Good
Character of Defendant—Question for Jury—Weight of
Evidence—Credibility of Witnesses—Conflicting Instruc-
tions—Sufficiency of Evidence—New Trial—Newly Dis-
covered Evidence—Sufficiency—Judicial Discretion.*

Rape—Information.

1. In an information charging defendant with rape of a female
under the age of sixteen years, the phrase "to wit, of the age of
fourteen years and upwards," while it might have been omitted, was
not confusing as to the meaning of the language employed.

Rape—Information—Surplusage—Presumptions.

2. In an information charging rape of a female under sixteen years
of age, the words "against the consent of said" prosecutrix, are
merely surplusage, the law presuming that such a child is incapable
of giving consent, and but one offense is charged.

Criminal Law—Jury—Challenge—Burden of Proof.

3. In a criminal prosecution the burden of proof on the trial of a
challenge to the array was on the defendant interposing it.

Criminal Law—Challenge to Panel—Evidence.

4. Penal Code, section 2038, provides that, where a challenge to the
panel is denied, the court must proceed to try the question of fact.
*Held,* that where defendant's offer to submit such a challenge on the
testimony taken at a prior term of court was withdrawn, and no
evidence whatever was offered, defendant's request to discharge the
jury was properly denied.

Criminal Law—Jurors—Implied Bias—Challenges—Exceptions.

5. Under Penal Code, section 2170, an exception is allowed to the
action of the court in overruling, but not in sustaining, a challenge
to an individual juror for implied bias.

Rape—Previous Good Character of Defendant—Presumptions.

6. In prosecutions for rape, evidence of previous good character of
defendant is never conclusive, as a matter of law, in favor of defend-
ant, and does not of itself raise a presumption in his favor.

Rape—Previous Good Character of Defendant—Purpose.

7. In a prosecution for rape, evidence of defendant's previous good
character is evidence which the jury should consider, together with all
the other evidence in the case in determining whether or not the
accused is guilty beyond a reasonable doubt.

Rape—Erroneous Instruction—Previous Good Character of Defendant.
8. In a prosecution for rape, to instruct that evidence of previous good character is conclusive in favor of defendant, and that it raises a presumption in his favor, is for the court to invade the province of the jury, and determine the weight or effect to be given to particular evidence.

Rape—Previous Good Character of Defendant—Correct Instruction.
9. In a prosecution for rape, an instruction that if, from a consideration of the evidence, the jury believed defendant guilty beyond a reasonable doubt, they should so declare, notwithstanding they might be satisfied that prior to committing the offense of which he was accused defendant was a man of good reputation and character, was correct.

Criminal Law—Conflicting Instructions—Harmless Error—When.
10. Where, in a criminal prosecution, an instruction correctly stating the law is in conflict with an erroneous one in defendant's favor, he cannot complain of the erroneous instruction, or of the conflict between the two.

Instructions—Witnesses—Calling Attention to Particular Testimony.
11. An instruction calling attention to the testimony of one particular witness, singling her out from the other witnesses, is erroneous.

Jurors—Witnesses—Credibility—Appeal—Evidence.
12. The jurors are the judges of the credibility of witnesses and of the weight to be given the testimony, and the supreme court, on appeal from judgment of conviction for the crime of rape, may not weigh the evidence and say that it does not prove that which it intends to prove, or that particular evidence does prove particular facts.

Rape—Testimony of Prosecutrix—When Sufficient to Convict.
13. In a prosecution for rape, where the jury believe the testimony of prosecutrix, no additional evidence is necessary to support a verdict of guilty.

Rape—New Trial—Newly Discovered Evidence—Insufficiency.
14. In a prosecution for rape, newly discovered evidence examined, and held insufficient to warrant a new trial.

New Trial—Newly Discovered Evidence—Cumulative.
15. To entitle defendant, convicted of the crime of rape, to a new trial on the ground of newly discovered evidence, it must appear, among other things, that the new evidence be not cumulative merely.

New Trial—District Courts—Discretion.
16. An application for a new trial is addressed to the sound legal discretion of the trial court.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

A. O. JONES was convicted of rape, and appeals. Affirmed.

STATEMENT OF THE CASE, BY THE JUSTICE DELIVERING THE OPINION.

Defendant was convicted of the crime of rape, and appeals from the judgment and the order of the district court refusing his motion for a new trial.

The charging part of the information is as follows: "That the said A. O. Jones, on or about the 10th day of September, 1902, in the city of Bozeman, county of Gallatin, state of Montana, did willfully, unlawfully and feloniously have sexual intercourse with, and carnal knowledge of, one Louise Boismier, a female child under the age of sixteen years, to wit, of the age of fourteen years and upwards, against the consent of said Louise Boismier; said Louise Boismier not being the wife of said A. O. Jones," etc. To this information a demurrer was filed, which was overruled. At the April term of court, 1903, when this cause was called, the defendant interposed a challenge to the panel of jurors, but this was disallowed, and a continuance had until the October term, when a challenge upon substantially the same grounds as made at the April term was again made and overruled. After all peremptory challenges had been exhausted, one James M. Robertson was called to the jury-box, and upon examination upon his *voir dire* was challenged by the state for implied bias, and this challenge was by the court sustained.

Among other instructions given were Nos. 13 and 14, which read as follows:

"No. 13. You are instructed that in doubtful cases evidence of good character is conclusive in favor of the party accused; and if, from the evidence, you find that the facts and circumstances proved and relied upon to establish the defendant's guilt are in doubt, or if the defendant has, by the evidence, satisfied you that he was a man of good character up to the time of the alleged offense in this case, the presumption of law is that the alleged crime is so inconsistent with the former life and character of the defendant that he could not have intended to commit such a crime, and it would be your duty to give the defendant the benefit of that presumption and acquit him.

"No. 14. If the jury believe from the evidence beyond a reasonable doubt that the defendant committed the crime in

question, as charged in the information, it will be their sworn duty as jurors to find the defendant guilty, even though the evidence may satisfy their minds that the defendant, previous to the commission of the alleged crime, had sustained a good reputation and character for being a law-abiding and peaceable citizen."

The jury returned a verdict of guilty, and the defendant was sentenced to serve five years in the penitentiary. A motion for a new trial was made on a statement specifying the errors relied upon, and also upon affidavits of newly discovered evidence. The motion was denied, and these appeals are prosecuted.

*Messrs. Hartman & Hartman,* and *Mr. John A. Luce,* for Appellant.

The information did not substantially conform to the requirements of section 1832, in that it did not contain a statement of the facts constituting the offense charged in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended. Second, that it did not substantially conform to the requirements of section 1834, in that it is not direct and certain as it regards the particular circumstances of the offense charged, in that it is uncertain whether the offense charged is intended to be charged as committed upon a female under the age of sixteen years, or upon a female who resists and her resistance is overcome by violence or force. Third, that two offenses were charged, one the offense committed with a female under the age of sixteen years and the other upon a woman who resists and her resistance overcome by violence or force. And the fourth ground of the demurrer was that a public offense was not stated. The allegation that Jones willfully, unlawfully and feloniously did have sexual intercourse and carnal knowledge of this girl against her consent is equivalent to the allegation that the act was committed forcibly and against her will. (17 Ency. of Pl. & Pr. 658.)

Where the indictment alleges that the act was done against the will of the female, the prosecution gives notice by said allegation that it takes upon itself the proof of that fact. (*State* v. *Gaul,* 50 Conn. 578; *Vasser* v. *State,* 55 Ala. 264.)

The allegation that the act was feloniously done against the consent of the girl implies and carries with it the idea of the use of force and that she resisted and her resistance was overcome; or the phrase might mean that she was at the time unconscious of the nature of the act; therefore the offense might be one defined by the fifth subdivision of section 450 of the Penal Code, or it might imply that she was prevented from resisting by some intoxicating, narcotic or other anesthetic substance administered by or with the privity of the accused, this being the offense charged under the fourth subdivision of the section; or it might mean that she was incapable, from any of the causes mentioned in subdivision 2, of giving legal consent. The charge "against her consent" is uncertain in its meaning and the demurrer should have been sustained. This court considered, without deciding, the point in *State* v. *Mahoney,* 24 Mont. 282, 61 Pac. 647, where Justice Piggott held that the objection should have been made by demurrer in the district court and before pleading. (See pages 284, 285 of the opinion; Bishop's New Criminal Procedure, vol. 1, secs. 517-519; *State* v. *Vorey,* 41 Minn. 134, 43 N. W. 324; *People* v. *Dumar,* 106 N. Y. 502, 13 N. E. 325-327; *State* v. *Henn,* 30 Minn. 464, 40 N. W. 564; *Wendell* v. *State,* 46 Neb. 824, 65 N. W. 884; *Knopf* v. *State,* 84 Ind. 316; *Commonwealth* v. *Symonds,* 2 Mass. 163; *Greer* v. *State,* 50 Ind. 267, 19 Am. Rep. 709; *State* v. *Smith,* 61 Me. 386; *State* v. *Gaston,* 96 Iowa, 505, 65 N. W. 415; *State* v. *Mahoney,* 24 Mont. 282-284, 61 Pac. 647; *People* v. *Garcia,* 58 Cal. 102; *People* v. *Nelson,* 58 Cal. 104, opin. 107.)

The court erred in sustaining the challenge of the state to the juror, James M. Robertson. The challenge was no challenge at all for cause. It read as follows: "I challenge the

juror on the ground of implied bias." This was in no sense a challenge for implied bias and was totally insufficient in that no one of the grounds as provided for in section 2049 of the Penal Code was assigned. (Penal Code, sec. 2051; *State v. Simas,* 62 Pac. 242, opin. 246; *People v. Cotta,* 29 Cal. 166; *Hopt v. Utah,* 120 U. S. 430, 433, 434, 436; *Paige v. O'Neil,* 12 Cal. 483; *People v. Hardin,* 37 Cal. 258; *People v. Dick,* 37 Cal. 277.) The effect of the erroneous decision of the court in allowing this challenge for implied bias was to give the state an additional peremptory challenge. And under no circumstances can the number of peremptory challenges allowed the state be increased. (*Hill v. State,* 10 Tex. App. 618; *Mahan v. State,* 10 Ohio, 233; *Stratton v. People,* 5 Colo. 276, 279, 280.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Second Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court:

1. The Information.—The information charges the defendant with the crime of rape committed upon a female child under the age of sixteen years. The phrase, "to wit, of the age of fourteen years and upward," modifies the former allegation to the extent of saying that, while the child was under the age of sixteen years, she was above the age of fourteen years. The phrase might have been omitted, but its use could not have the effect of confusing anyone as to the meaning of the language employed. (*People v. Mills,* 17 Cal. 276.) Having charged that the crime was committed upon a female child under the age of sixteen years, the words "against the consent of said Louise Boismier" are merely surplusage; for the law presumes that such a child is incapable of giving consent. (*State v. Woods,* 49 Kan. 237, 30 Pac. 520; *Davis v. State,* 42 Tex. 226; *People v. Verdegreen,* 106 Cal. 211, 46 Am. St. Rep. 234, 39 Pac. 607.) In *People v. Ten Elshop,* 92 Mich. 171, 52 N. W. 298, it is said: "The law conclusively presumes

that the female, being within the age fixed by the statute, is incapable of consent, and therefore the act is by force and arms." We are therefore of the opinion that the information is sufficient, and that it charges but one offense.

2. Challenge to the Array.—The record discloses that at the April term of court, 1903, a challenge to the jury panel was interposed by counsel for the defendant in this case upon the ground that the list of names of men for jury service for the year 1903 had not been drawn in the manner provided by law, and that a large number of names of men qualified for such service had been omitted. This challenge was denied, and the issues raised were tried by the court, and the challenge overruled. The trial of the case of *State* v. *Jones* was afterward continued until the October term of court, when a challenge to the panel upon substantially the same grounds as made at the April term was again interposed, and counsel for defendant asked "to submit the question to the court upon the same testimony heretofore submitted to the court." This evidently had reference to the testimony submitted at the April term of court. The county attorney objected to the challenge upon the ground that it was made too late, and that the jury had already been sworn; but this objection was by the court overruled, whereupon counsel for the defendant said: "We withdraw the request to submit it on the former testimony, and ask the challenge to be passed upon by the court." After some colloquy between the court and counsel, the county attorney said: "And now we deny the facts set forth in the challenge, and we deny the challenge. The Court: I am now ready to hear any testimony in regard to the matter, if it is necessary to hear it to determine the matter. Defendant's Counsel: On behalf of the defendant, A. O. Jones, I now insist on the request to totally discharge the panel, so far as the defendant in this case is concerned, on the ground that the court has already sustained the challenge, as it appears from the record, and overruled the exception, and there is nothing more to try, and the jury should be discharged." This request was by the

court denied, and exception saved.   There is nothing in the record whatever to show that the court had in fact sustained the challenge, but, on the contrary, the record does show that after the challenge was denied, as provided in section 2038 of the Penal Code, the court announced itself ready to hear testimony, and to try the question of fact raised, as provided by that section.

Upon the trial of the challenge the burden of proof was upon the defendant, who interposed the challenge, and the record fails to show that any evidence whatever was offered.   The offer to submit the testimony taken at the April term had been withdrawn, and there was in fact nothing whatever before the court, and the request to discharge the jury was therefore properly denied.   (*State* v. *Bowser,* 21 Mont. 139, 53 Pac. 179.)   However, the bill of exceptions embraces the proceedings had with reference to the challenge made at the April term of court, and, if counsel for the defendant were misled by thinking that the court was actually passing upon the matter upon the evidence taken at the April term, it is sufficient to say that we are satisfied that the court was right in that instance in overruling the challenge, as the record fails to show any such abuse of power on the part of the jury commissioners as would vitiate the jury list.   At most, it showed a mere irregularity.

3. Juror Robertson.—After the peremptory challenges were all exhausted, James M. Robertson was called as a talesman, and examined upon his *voir dire;* and at the conclusion of such examination the county attorney challenged the juror for implied bias.   To this challenge the defendant said: "We resist the challenge on the ground that the juror has not only shown that he has not any implied bias, but that he is entirely impartial in the case, and states what is the fact."   It will be observed that no objection was made to the particular form of the challenge, but that the matter was submitted to the court upon its merits.   The court sustained the challenge, and the defendant excepted.

Section 2170 of the Penal Code provides: "On the trial of an indictment or information exceptions may be taken by the defendant to a decision of the court—(1) in *disallowing* a challenge to the panel of the jury, or to an individual juror for implied bias." From this it will be observed that an exception is allowed to the ruling of the court in overruling, but not in sustaining, a challenge to an individual juror for implied bias.

In *Territory* v. *Roberts,* 9 Mont. 12, 22 Pac. 132, this court quoted with approval language of the supreme court of the United States in *Hayes* v. *Missouri,* 120 U. S. 71, 7 Sup. Ct. 352, 30 L. Ed. 578, as follows: "The accused cannot complain if he is still tried by an impartial jury. He can demand nothing more. The right to challenge is the right to reject, not to select, a juror. If, from those who remain, an impartial jury is obtained, the constitutional right of the accused is maintained."

In Thompson and Merriam on Juries, section 251, it is said: "Where a statute provides simply that an exception may be taken to the decision of the trial court in *disallowing* a challenge, no exception lies to the action of the court in *allowing* a challenge. The reason is that when a competent jury, composed of the requisite number of persons, has been impaneled and sworn in the case, the purpose of the law has been accomplished. Neither party can be said to have a vested interest in any juror. Therefore although, in impaneling a jury, one competent person has been rejected, yet, if another equally competent has been substituted in his stead, no injury has been done."

4. Numerous errors are predicated upon the rulings of the court in admitting and excluding evidence. No useful purpose would be served in discussing these in detail. Suffice it to say that we have examined them at length, and are satisfied that no errors were committed prejudicial to the defendant.

5. Instructions 13 and 14.—Instruction No. 13 is wholly erroneous. While it may be that an instruction somewhat analogous, found in Sackett's Instructions to Juries, page 262, has found favor with some courts, though no authority what-ever is cited in its support, we would not be willing to approve the instruction as therein given; while No. 13 above omits a portion of Sackett's instruction, rendering it much more objectionable than the one given by that author. It is erroneous in that it says that in certain cases evidence of pre-vious good character is conclusive in favor of the accused, and again in saying that such evidence raises a presumption in favor of the accused; for it is never conclusive as a matter of law, and does not of itself raise a presumption in favor of the defendant. It is nothing more nor less than evidence, which the jury should consider together with all the other evidence in the case in determining whether or not the accused is guilty beyond a reasonable doubt. To say that evidence of previous good character is either conclusive or raises a presumption in defendant's favor, is for the court to invade the province of the jury, and determine the weight or effect to be given to par-ticular evidence; and this the court should not do. (*State v. Sullivan,* 9 Mont. 174, 22 Pac. 1088; *State v. Gleim,* 17 Mont. 17, 52 Am. St. Rep. 655, 41 Pac. 998, 31 L. R. A. 294; *State v. Pepo,* 23 Mont. 473, 59 Pac. 721; *State v. Mahoney,* 24 Mont. 281, 61 Pac. 647.)

In our judgment, instruction No. 14 correctly states the law. In substance it was approved in *Hirschman v. People,* 101 Ill. 568. By this instruction the jurors were told that if, from a consideration of the evidence, they believed the defendant guilty beyond a reasonable doubt, then they should so declare, notwithstanding they may be satisfied that prior to the com-mission of the offense of which he was accused he was a man of good reputation and character. In other words, the evi-dence—which means all the evidence in the case, and which includes evidence of previous good character—is to be con-sidered, and if it all, taken together, convinces the jury of the

defendant's guilt beyond a reasonable doubt, the mere fact that he was theretofore a man of good character will not excuse his offense. An instruction similar to No. 14, above, when given in connection with another instruction which erroneously limited the effect of evidence of previous good character, is criticised by the supreme court of Utah in *State* v. *Van Kuran,* 25 Utah, 8, 69 Pac. 60; but the decision rests upon the erroneous instruction given and proper instructions which were refused, rather than upon the giving of the instruction corresponding to No. 14, above. We think instruction No. 14 correctly states the law, and could hardly be misunderstood by the jury.

It is said that instructions 13 and 14 are radically conflicting; and so they are. By 13, if the jury found from the evidence that the defendant was previously a man of good character, that raised a presumption in his favor which entitled him to an acquittal; while in 14 the jury was instructed that, even though they believed the defendant had previously been a man of good character, still they might convict him. But does this conflict necessitate a reversal? While 13 is clearly erroneous, the errors are in defendant's favor, not to his prejudice. That instruction announces to the jury that if the case was, by the jury, considered doubtful, the evidence of defendant's previous good character, whether believed by the jury or not, should be deemed conclusive in his favor, leaving to the jury only the question: Is the case a doubtful one? Then it further says that, if the jury is satisfied from the evidence that the defendant theretofore was a man of good character, that fact raised a presumption in his favor. Either of these propositions is grossly erroneous, but each is in defendant's favor.

It is not every case of conflicting instructions which warrants a reversal. If one instruction states the law, and another one in conflict with it is given, which is erroneous, but in the defendant's favor, he cannot complain of the erroneous instruction, or of the conflict between the two. The reason for this is apparent, and is illustrated in this instance; for, if the jury

followed the law as announced in No. 14, the defendant could not complain, for it states the law correctly. If, on the other hand, the jury ignored No. 14 and followed No. 13, defendant cannot complain, for in that event the jury could only be misled in his favor. (*St. Joseph etc. R. Co.* v. *Grover,* 11 Kan. 302; *Lobdell* v. *Hall,* 3 Nev. 507; *Robinson* v. *Mills,* 25 Mont. at page 406, 65 Pac. 119; *Thornton-Thomas Mer. Co.* v. *Bretherton,* 32 Mont. 80, 80 Pac. 10.)

Instruction No. 9, given by the court, is likewise erroneous, but the error is also in defendant's favor.

6. Error is predicated upon the refusal of the court to give instructions Nos. 2, 3, and 5, asked by the defendant. No. 2 omits the word "material" before the word "fact"; No. 3 omits "reasonable" before the word "doubt"; and No. 5 calls the attention of the jury to the testimony of one particular witness, singling her out from the other witnesses who testified. (*Wastl* v. *Montana Union Ry. Co.,* 17 Mont. 213, 42 Pac. 772; *Hamilton* v. *Great Falls S. R. Co.,* 17 Mont. 334, 343, 42 Pac. 860, 863.) In the respects indicated, the instructions offered were erroneous, and the court did not err in refusing them·

7. It is said that the verdict is contrary to the law as announced in several of the instructions given. But in discussing this alleged error we are, in effect, asked to weigh the evidence, and say that it does not prove that which it tends to prove, or that particular evidence does prove particular facts. This we may not do. The jurors were the judges of the credibility of the witnesses and of the weight to be given to the testimony.

8. It is earnestly claimed that the evidence is insufficient to support the verdict. We have considered it at length, but are unable to agree with counsel for appellant. Aside from the direct testimony of the prosecuting witness, there are numerous facts and circumstances which tend to support her version of the affair. If the jury believed her testimony, we are not pre-

pared to say that any additional evidence was required. (*State v. Peres,* 27 Mont. 358, 71 Pac. 162.) But the jury was doubtless impressed by the fact that the defendant was assisting in getting the prosecutrix away from Gallatin county; that when she first accused him, and a meeting was arranged for a particular time and place where the defendant might confront her, he insisted in having a conversation with her alone before the question of his guilt or innocence should be discussed before the members of the family. There is also evidence that he desired to have the girl taken to Butte, and have her child left there when it should be born. Other facts and circumstances might be given, as disclosed by the record—facts and circumstances quite inconsistent with the innocence of the accused—which have some evidentiary value, however small, and which doubtless weighed with the jury in determining the question of appellant's guilt.

9. A new trial was also asked upon the ground of newly discovered evidence. The affidavits setting forth the newly discovered evidence were made by former schoolmates of the prosecuting witness, and detail conversations alleged to have been had with her, and describe acts of loose and lascivious conduct on the part of the prosecuting witness toward her schoolmates. With one exception, every one of these affidavits mentions Wilson Riddle as one of the schoolmates referred to, and he was a witness for the defendant, and testified to statements made to him by the prosecuting witness similar to the statements contained in the affidavits, and the testimony of Wilson Riddle was contradicted by the prosecuting witness at the trial. In *State v. Brooks,* 23 Mont. at page 161, 57 Pac. 1043, this court quoted with approval the following language from *People v. Demasters,* 109 Cal. 607, 42 Pac. 236: "We can see no abuse of discretion on the part of the court below in denying defendant's motion for a new trial, made upon the ground of newly discovered evidence. As has been repeatedly held by this court, a motion for a new trial is addressed to the sound

legal discretion of the trial court; and the action of the latter will not be disturbed except in an instance manifesting a clear and unmistakable abuse of such discretion. This rule is peculiarly applicable to an application based upon the ground of newly discovered evidence, which not only involves an enlarged discretion in the trial court, but has never been looked upon with favor, but rather with distrust. (*Hobler* v. *Cole,* 49 Cal. 250; *Arnold* v. *Skaggs,* 35 Cal. 684.) To entitle the plaintiff to a new trial on this ground, it must appear, among other things, that the new evidence be not cumulative merely; that it be such as to render a different verdict reasonably probable upon a retrial; and that the evidence could not with reasonable diligence have been discovered and produced at the trial." Furthermore, the showing of due diligence is insufficient. In the recent case of *In re Colbert's Estate,* 31 Mont. ——, 80 Pac. 248 (on rehearing), this court considered this question at length, and announced a rule which we unhestitatingly follow. A restatement in this case is not necessary. The application was addressed to the sound legal discretion of the trial court, and we do not discover any abuse of that discretion in the order overruling the motion.

After a consideration of all the alleged errors, we are unable to find any errors committed prejudicial to the defendant and appellant. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

Rehearing denied July 5, 1905.