WOODS, RESPONDENT, *v.* LATTA, APPELLANT.

(No. 2,340.)

(Submitted January 7, 1907.  Decided January 18, 1907.)

(88 Pac. 402.)

*Claim and Delivery—Conflicting Evidence—Appeal—Burden of Proof—Instructions—Part Payment—Gift—Statute of Limitations—Bailment—Verdict.*

Appeal—Conflict in Evidence—Review.

1.  Where the record on appeal, in an action in claim and delivery, showed the evidence to have been conflicting and fairly susceptible of a construction favorable to either party, the verdict will not be disturbed by the appellate court on the alleged ground of the insufficiency of the evidence to justify it.

Claim and Delivery—Burden of Proof—Erroneous Instruction.

2.  To instruct the jury, in an action in claim and delivery to recover certain articles of jewelry, that if they found that plaintiff had been at any time the owner of the property in dispute, it devolved upon defendant to show, either that he had purchased it from plaintiff, or had acquired it by gift, was error, where defendant did not claim any of the articles by purchase from plaintiff, and only one of them by gift.  The instruction ignored the question as to who was entitled to the possession of the chattels, limited defendant's source of title to purchase or gift from plaintiff, and erroneously shifted the burden of proof from plaintiff to defendant, contrary to the rule applicable in such cases.

Same—Burden of Proof.

3.  In an action in claim and delivery the burden rested upon plaintiff to prove that she was entitled to the possession ·of the property *at the time of the commencement of the action,* and the mere fact that plaintiff may *at any time* have been the owner of it, did not shift the burden to defendant to show that he had purchased it or had acquired it by gift.

Same—Acquisition of Property by Separate Transactions—Instructions.

4.  Where, in an action in claim and delivery, ownership of and right of possession to the property in controversy are alleged, by either party, to have been acquired in different ways and by separate transactions, the trial court should segregate the issues and give appropriate instructions to cover each branch of the case.

Same—Defense—Illicit Cohabitation—Instructions.

5.  An instruction in an action in claim and delivery to recover possession of certain articles of jewelry charging the jury that, if they found that plaintiff and defendant were living together as man and wife, and that defendant came into possession of the property by reason of such relation, defendant could not recover, unless the articles in question had been given to him by plaintiff, should not have been

given where defendant did not base his alleged rights on a contract, the consideration of which was illicit cohabitation.

Same—Part Payment of Purchase Price by Defendant—Liens—Instructions.

6. Where defendant, in an action in claim and delivery, made no claim of a lien on the property in controversy, alleged by plaintiff to have been bought by her for herself, and claimed by defendant to have been bought for him by her, it was error to charge the jury that if defendant had paid part of the purchase price, and plaintiff had not paid or tendered to defendant the amount so paid, plaintiff could not recover.

Same—Gift to Defendant—Pleadings—Proof—Instructions.

7. An instruction, submitted to the jury in an action to recover certain jewelry, intimating that defendant might be .the owner of one of the articles in dispute by having paid part of the purchase price, if plaintiff at the time of said payment, or subsequently, gave it to him as his own, was erroneous, where it appeared that defendant, neither by his pleadings nor his proof, had based ·his title or right of possession on a gift.

Appeal—Erroneous Instructions—Conflict—One in Favor of Appellant.

8. Where neither one of two instructions correctly states the law, appellant is not precluded from complaining of a conflict between them, even though one of them is in his favor.

Claim and Delivery—Statute of Limitations—Erroneous Instruction.

9. Instruction telling the jury, in an action to recover possession of articles of jewelry, that plaintiff's cause of action was barred if they believed that defendant was in the possession and claimed to be the owner of the property, as against any right of the plaintiff, for over two years prior to the commencement of the action, were erroneous, in that they omitted all reference to the question of plaintiff's knowledge or want of knowledge of defendant's claim.

Same—Bailment—*Commodatum*—Statute of Limitations—Correct Instruction.

10. Where plaintiff, in an action in claim and delivery to recover certain articles of jewelry, claimed to have permitted defendant to take possession of them simply for the purpose of wearing them, a bailment for the accommodation and sole benefit of the bailee (defendant) resulted, in which case the statute of limitations did not commence to run against plaintiff's cause of action until plaintiff had demanded, and been refused, a return of the chattels, or until the claim asserted by defendant to them as his own had become known to plaintiff; and an instruction thus charging the jury correctly announced the law.

Appeal—Conflict in Instructions—When Appellant May not Complain.

11. Where an erroneous instruction, but in appellant's favor, conflicts with one correctly stating the law, he will not be heard to complain of the conflict.

Claim and Delivery—Jury—Verdict—Issues.

12. Under Code of Civil Procedure, section 1103, the verdict, in an action in claim and delivery, should, in terms, dispose of all the issues submitted to the jury.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

Action by Lizzie Woods against W. C. Latta. Judgment for plaintiff. Defendant appeals from the judgment and an order denying him a new trial. Reversed and remanded.

*Mr. John A. Luce,* for Appellant.

The plaintiff was required to recover upon the strength of her own title, and it was not necessary that the defendant should prove his contention by a preponderance of the evidence. Instruction No. 12, being erroneous and the error apparent, prejudice is presumed and the case should be reversed. (*State* v. *Mason,* 24 Mont. 340, 346, 61 Pac. 861; *Parrin* v. *Montana Cent. Ry. Co.,* 22 Mont. 290, 292, 56 Pac. 315; *Lawrence* v. *Westlake,* 28 Mont. 503, 507, 73 Pac. 119.)

Instructions 11 and 14 being conflicting, they were prejudicial to the defendant, and it was error for the court to give instruction No. 14, and the case should be reversed. (*Kelley* v. *Cable Co.,* 7 Mont. 70, 14 Pac. 633; *Flick* v. *Gold Hill etc. M. Co.,* 8 Mont. 298, 305, 20 Pac. 807; *Yoder* v. *Reynolds,* 28 Mont. 183, 72 Pac. 417; 11 Ency. of Pl. & Pr. 145, 146; *Haight* v. *Vallet,* 89 Cal. 249, 23 Am. St. Rep. 465, 26 Pac. 897; *Brown* v. *McAllister,* 39 Cal. 573.)

The statute of limitations commenced to run at the time of the assertion of the ownership by the defendant in this case. Conceding for the purpose of this point that at that time the plaintiff was the owner of the property, such assertion of the right of ownership in the defendant would have entitled the plaintiff to an action for conversion. Any act of dominion over property in denial of plaintiff's right amounted to a conversion. (*Glass* v. *Basin etc. Min. Co.,* 31 Mont. 21, 77 Pac. 302; citing Cooley on Torts, 428; *Union S. Y. & T. Co.* v. *Mallory S. & Z. Co.,* 157 Ill. 554, 48 Am. St. Rep. 341, 41 N. E. 888; and see, further, *McPheters* v. *Page,* 83 Me. 234, 23 Am. St. Rep. 772, 22 Atl. 101.)

The statute of limitations began to run from the first assertion of the claim of ownership by defendant in 1898, and not

when plaintiff first had knowledge of his claim. (*Yore* v. *Murphy,* 18 Mont. 342, 45 Pac. 217; *Harpending* v. *Meyer,* 55 Cal. 555; *Carr* v. *Barnett,* 21 Ill. App. 137.) Ignorance of one's rights, when not owing to fraud or deceit of defendant, will not affect the running of the statute of limitations. (*Jordan* v. *Jordan,* 4 Greenl. (Me.) 175, 16 Am. Dec. 249; *Thomas* v. *White,* 3 Litt. (Ky.) 177, 14 Am. Dec. 56; *Wells* v. *Halpin,* 59 Mo. 95.) It has even been held that, "a fraudulent concealment by which plaintiff has been delayed will not enlarge the time of bringing an action under the statute of limitations." (*Fee* v. *Fee,* 10 Ohio, 470, 36 Am. Dec. 103.)

The verdict of the jury did not determine all of the issues in the case and therefore will not support the judgment. (*Knight* v. *Roche,* 56 Cal. 15; *Soto* v. *Irvine,* 60 Cal. 436; *Stewart* v. *Taylor,* 68 Cal. 5, 8 Pac. 605.)

*Messrs. Hartman & Hartman,* for Respondent.

Taken in connection with instruction No. 10, instructions Nos. 7 and 9 clearly mean, and the jury evidently understood them so to mean, that the plaintiff must show the right of possession and ownership in herself at the time of the bringing of the action, by a preponderance of the evidence, but that, if she so established ownership and the right of possession at the times contended for in the pleadings, she had made a *prima facie* case and the burden was upon the defendant to overthrow this *prima facie* case. If the plaintiff's testimony was true, she had made out a *prima facie* case of ownership, and the defendant, claiming also to be the owner, had the burden of overthrowing this *prima facie* case and showing ownership in himself. To that extent the burden shifted to the defendant. (See *Osmers* v. *Furey,* 32 Mont. 581, 81 Pac. 345; *Chandler* v. *Lincoln,* 52 Ill. 74.) The court below, by these instructions, evidently intended to state the well-known rule that, where ownership of property is once shown to exist, said ownership is presumed to continue until the contrary is shown. (16 Cyc. 1053, 1054; *Hohen-*

*shell* v. *South Riverside etc. Water Co.,* 128 Cal. 627, 61 Pac.
371; *Kidder* v. *Stevens,* 60 Cal. 414, 419, 420; *McAfee* v. *Mont-gomery,* 21 Ind. App. 196, 51 N. E. 957-959; *Magee* v. *Scott,* 9
Cush. 148-150, 55 Am. Dec. 49; Code Civ. Proc., sec. 3266, subd.
32.)

Mere conflict in the instructions is not sufficient to ·reverse.
(*State* v. *Jones,* 32 Mont. 442, 452, 453, 80 Pac. 1095; *Thornton-Thomas etc. Co.* v. *Bretherton,* 32 Mont. 81, 98, 99, 80 Pac. 10;
*Webster* v. *Sherman,* 33 Mont. 448, 84 Pac. 878, 882; *Yoder* v.
*Reynolds,* 28 Mont. 183, 195, 72 Pac. 417; *Donovan-McCormick
Co.* v. *Sparr,* 34 Mont. 237, 85 Pac. 1029, 1031, 1032.)

Defendant having failed to call the defect in the verdict to the
attention of the court at the time of its return, he cannot raise
the question or assert the error, if it was an error, for the first
time in the supreme court. (*Johnson* v. *Visher,* 96 ·Cal. 310,
312-314, 31 Pac. 106; 2 Cyc. 702, subd. 1, 703; *Hicks* v. *Coleman,*
25 Cal. 122-146, 85 Am. Dec. 103; *Cook* v. *McNaughton,* 128 Ind.
410, 24 N. E. 361-363; *McClellan* v. *Gaston,* 18 Wash. 472, 51
Pac. 1062-1064; *Rawson* v. *Ellsworth,* 13 Wash. 667, 43 Pac.
934; Code Civ. Proc., 1090, 1103, 1193; *McGregor* v. *Lang,* 32
Mont. 568, 81 Pac. 343; *Ryan* v. *Fitzgerald,* 87 Cal. 345, 25 Pac.
546.)

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action of replevin, or claim and delivery, com-
menced in the district court of Gallatin county on August 19,
1905. By her complaint the plaintiff claimed to be the owner
and entitled to the possession of one diamond stud of the value
of $250, one diamond ring of the value of $250, and one pair of
diamond cuff buttons of the value of $100. In addition to the
usual delivery prayer in actions of this nature, the plaintiff
asked damages in the sum of $200 for the detention of said
property by the defendant.

The defendant by his answer admitted the alleged value of
the stud and ring, but denied that the cuff buttons were of any

greater value than $50. He denied the ownership of the plaintiff as to all of said articles, and alleged that on the twenty-eighth day of May, 1898, he became the owner and was in the possession of said ring and stud, and had owned and possessed the same continuously since; that on the twenty-fifth day of December, 1903, he became and ever since has been the owner, in possession, and entitled to the possession of said cuff buttons. Defendant further averred that plaintiff's alleged cause of action to recover the ring and stud is barred by the provisions of the third subdivision of section 524 of the Code of Civil Procedure, as amended, and as contained in section 1 of an Act of the legislative assembly, entitled "An Act to amend Sections 513, 514 and 524 of the Code of Civil Procedure, and to repeal an Act approved March 11th, 1901 [Laws, 1901, p. 157], relating to Limitations of Actions," which Act was approved March 9, 1903 (Laws, 1903, p. 292).

The testimony of the plaintiff tended to show that she purchased the diamond ring and diamond stud of one Lytle, in St. Paul, Minnesota, in April, 1898, at an agreed price of $200; that she paid $25 on the purchase price and had the articles expressed to herself at Bozeman, Montana, C. O. D., $175, the balance of purchase price; that she and defendant were living together at the time; and that she gave him the money to take them from the express office, which he did, signing her name to the receipt book. She says she purchased the jewelry for herself, for her own use, and she thinks she paid for the same with her own money. She testifies that defendant borrowed the articles and wore them; that she let him have them for the purpose of wearing them. She denies that she ever presented them to him or gave them to him as his own. She then says: "He refused to turn them back to me about a year ago last June, about the 10th or 15th, when he went to the horse camp. Before that I had had them in my possession ever since I bought them, off and on. I wore them. He wore them at times. I did not know he was claiming those diamonds as his own until I demanded them. I never heard him say that the diamonds were his

own.'' The testimony shows that plaintiff purchased the cuff buttons on December 24, 1902, of H. A. Pease, a merchant at Bozeman, for $50, and that diamonds have increased in value since that time over fifty per cent.

The evidence on the part of the defendant was to the effect that plaintiff purchased the diamond ring and stud in St. Paul for him, acting for him, pursuant to a promise she had made to buy him some diamonds if she could get a good bargain; that upon her return to Bozeman she informed him as to what she had done, and told him to go to the express office and get the articles; that he took his own money, paid the express charges and the remainder of the purchase price, $176.90 in all, signed plaintiff's name to the express book, received the ring and stud, and has had them in his possession ever since, claiming to be the owner thereof. He says that during all of this time plaintiff knew of his claim of ownership; that she first knew it on the day the property was taken from the express office. Defendant claimed the sleeve buttons as a Christmas (1903) gift from the plaintiff, and testified that he had them in his possession ever since the date of gift. He was corroborated in parts of his testimony, and plaintiff was contradicted by some of defendant's witnesses. The jury returned the following verdict: ''We, the jury in the above-entitled cause, find the issues for the plaintiff; that she is the owner and entitled to the possession of the following described personal property, described in the complaint, to wit: One diamond stud of the value of $250; one diamond ring of the value of $250. And we assess her damages for the detention of the same in the sum of $500.''

Upon the rendition of said verdict plaintiff voluntarily remitted the $500 damages awarded thereby, and the court thereafter entered judgment on said verdict for the plaintiff, adjudging her to be the owner and entitled to the possession of the ring and stud of the value of $250 each, and that she have and recover the same and the possession thereof, or, in case a delivery could not be had, that she recover from the defendant the respective values thereof as found by the jury, together with

her costs. From said judgment, and from an order denying his motion for a new trial, the defendant appeals to this court.

Appellant's first contention is that the evidence is insufficient to justify the verdict. The testimony is conflicting, and, as it is presented to us, fairly susceptible of a construction favorable to either party. The verdict cannot be disturbed for that reason.

In his charge to the jury the trial judge gave the following instruction: "No. 12. It devolves upon the plaintiff to establish by a fair preponderance of the evidence her ownership and rights to the possession of the property sued for, and, if you are satisfied from the evidence by a fair preponderance thereof that she was at any time the owner of said property, then it devolves upon the defendant to show by a fair preponderance of the evidence either that he had purchased the property from her, or had acquired the same by gift."

The appellant complains of this instruction as being erroneous. By instruction No. 10 the court had correctly stated the law as to the burden of proof in the case, as follows: "The burden of proof in this case is upon the plaintiff to prove that she is the owner and entitled to the possession of the property involved in this action by a preponderance of the evidence. By 'preponderance of the evidence' is meant the greater weight of evidence. If the evidence in this case does not preponderate in favor of the plaintiff, or is evenly balanced, then the plaintiff cannot recover, and your verdict must be for the defendant."

It will be observed that the court, in instruction No. 12, told the jury that, if they found, by a fair preponderance of the evidence, that plaintiff was *at any time* the owner of said property, then it would devolve upon defendant to show by a preponderance of evidence, either (1) that he had purchased the property from her, or (2) had acquired the same by gift. In other words, the jury were told that the burden of proof shifted from the plaintiff to the defendant in case they found that she ever owned the property. We think the court erred in giving this instruction. It ignores the question as to who was entitled to the possession of said property, and is in conflict with the

rule laid down by this court in *Potter* v. *Lohse,* 31 Mont. at page 98 (77 Pac. 419). It tells the jury that, if plaintiff had proved that she was ever the owner of the property, then the defendant must prove his title by a preponderance of evidence, and, in addition to that, limits his source of title to purchase or gift from the plaintiff. The defendant did not claim any of these articles by purchase from plaintiff, and only the cuff buttons by gift; yet the court told the jury, as to all the articles, that his title could only be acquired in those two ways, and that he must prove it by a preponderance of the evidence.

In a case like the one under consideration, the burden is upon the plaintiff to prove that she was entitled to the possession of the property at the time of the commencement of the action, and the mere fact that she may at one time have been the owner of the property does not change the burden of proof. (*Gallick* v. *Bordeaux,* 31 Mont. 328, 78 Pac. 583; *Tarbox* v. *Eastern Steamboat Co.,* 50 Me. 339; *Scott* v. *Wood,* 81 Cal. 398, 22 Pac. 871; *Rapp* v. *Sarpy County,* 71 Neb. 382, 98 N. W. 1042.)

In cases involving the ownership and right of possession of property alleged, by either party, to have been acquired in different ways and by separate transactions, the trial court should segregate the issues and give the jury appropriate instructions as to each branch of the case.

Appellant also complains of instruction No. 13, which is as follows: "If you believe from the evidence that the plaintiff and defendant were living together, and that the defendant came into possession of the property in suit, or any thereof, by reason of such relation and living together, and that he so obtained possession thereof in no other way, and only because of his relations with the plaintiff, such obtaining of possession of the property in suit would not sustain his claim of ownership, unless you further find from the evidence that the plaintiff put the defendant into the possession of the property with the intention of his becoming the owner thereof and giving him the same." Apropos of this instruction, appellant's counsel argues that it is a familiar rule that a contract, the consideration of which is illicit cohabi-

tation or in furtherance of immorality, is void. Suffice it to say here that defendant does not base his alleged rights in this case on any such claim of title or right to possession, and said instruction should not have been given.

Instruction No. 11 is as follows: "You are instructed that, if defendant paid $175 on the purchase price of the diamond ring and stud in question, then plaintiff would not be entitled to recover the possession of the same unless she paid or tendered to the defendant the amount so paid by him."

The following is instruction No. 14, given by the court: "If you are satisfied from the evidence that the plaintiff purchased the diamond ring and stud in question at St. Paul for herself, paying part of the purchase money therefor, then the mere fact, if it is a fact, that the defendant at her request got the property from the express office in Bozeman, and receipted for the same, and paid the balance of the purchase price out of his own money, does not make him the owner, or entitle him to the possession of said property, unless you further find from the evidence that the plaintiff intended to and did, at the time in question, or subsequently thereto, prior to the commencement of this action, make a gift of the property to the defendant."

Defendant contends that it was error to give instruction No. 14, because, he says, it does not correctly state the law, and is contradictory of instruction No. 11, and the two were misleading to the jury and prejudicial to him. Instruction No. 11 is in appellant's favor, but should not have been given, because appellant made no claim of a lien upon the ring. Said instruction is in conflict with instruction No. 14, and, as counsel for both sides admit, these instructions cannot both be correct. The error in instruction No. 14 lies in the intimation therein contained that defendant might be the owner of the ring by virtue of paying the $175, if the plaintiff, at the time of said payment, or subsequently, made a gift of the article to him; when, in fact, neither by his pleadings nor his proof did the defendant base his title or right of possession on a gift of the ring. As neither of these

instructions, under the facts in this case, correctly presented the law to the jury, the case of *State* v. *Jones,* 32 Mont. 442, 80 Pac. 1095, cited by respondent, has no application.

Appellant further argues that it was error for the court to give instruction No. 15, because it does not correctly state the law, and is contradictory of instructions 7 and 9. Said instructions follow:

"No. 7. You are instructed that, if you believe from the evidence that since the twenty-eighth day of May, 1898, at any time over two years prior to the commencement of this action, the defendant claimed to be the owner of the diamond ring and diamond stud and sleeve buttons in question, then you are instructed that the cause of action of the plaintiff herein did not accrue within two years, and is barred by the statute of limitations of this state, and the plaintiff cannot recover said diamond stud, said diamond ring, or said sleeve buttons in this action."

"No. 9. You are instructed that, if you find that for more than two years prior to the bringing of this action the defendant was in the possession of and claimed to be the owner of and entitled to the possession of the diamond ring and diamond stud and sleeve buttons involved in this action, as against any right of the plaintiff, then you are instructed that the plaintiff's cause of action did not accrue within two years, and she cannot recover herein either said diamond ring or said diamond stud."

"No. 15. You are instructed, if you find from the evidence that the plaintiff purchased the property in suit or any thereof for herself, and became and was the owner of it, and that subsequently plaintiff loaned the same or any thereof to the defendant for his temporary use, and defendant was in possession of said property by reason of such loaning, and not otherwise, the mere fact, if it is a fact, that he was in possession of the same, for a period of more than two years prior to the commencement of this action, does not entitle him to the continuous possession of the same after demand made for it by the plaintiff, unless you further find that for more than two years prior to the com-

mencement of the action he claimed to be the owner of the property, and such claim for more than two years was known to the plaintiff.''

Instructions Nos. 7 and 9 are not law, for the reason that they omit all reference to the question of plaintiff's knowledge or want of knowledge that respondent claimed to own the articles as his property.

In arriving at a conclusion as to whether instruction No. 15 embodies a correct principle of law, we must first make inquiry as to the nature and legal effect of defendant's possession of the ring and stud according to plaintiff's version of the affair, because it is only upon plaintiff's theory of defendant's possession that instruction 15 is framed.

Plaintiff testified that she allowed defendant to wear the articles, and he admits that he did wear them, presumably to decorate his person. This would be a bailment for the sole benefit of the defendant or bailee such as is denominated in law *commodatum*. Sir William Jones defines this class of bailments thus: ''Lending for use is a bailment of a thing for a certain time to be used by the borrower without paying for it.'' (Jones on Bailments, 118.) Lord Holt has defined this class of bailments to be ''when goods or chattels that are useful are lent to a friend *gratis* to be used by him; and it is called a *commodatum* because the thing is to be returned in specie.'' (Vane Zile on Bailments and Carriers, sec. 101.) The loan of a chattel to be returned in specie must not be confounded with the ordinary loan of money where no time of repayment is stipulated. In the latter case the loan becomes due immediately, and the statute begins to run from the date of the loan.

Technically, a transaction of this kind, which is solely for the benefit of the receiver, is more in the nature of a deposit than a loan, and, where the thing deposited was money, was what was known in the civil law as an irregular deposit, and both by the civil and common law a demand was necessary before a right of action for return would accrue. (*Payne* v. *Gardiner*, 29 N. Y.

146.) Mr. Justice Mullin, in his opinion in that case, says: "In case of a *mutuum* or irregular deposit, a demand was necessary to perfect the liability of the depositary." It is said by Pothier (in his work on Contracts, by Evans, volume 2, 126): "When a man deposits money in the hands of another to be kept for his use, the possession of the custodian ought to be deemed the possession of the owner until an application and refusal, or other denial of right; for, until then, there is nothing adverse, and I conceive that upon principle no action should be allowed in these cases without a previous demand—consequently, that no limitation should be computed further back than such demand."

Professor Lawson, in his work on Bailments (page 62), says: "The statute of limitations does not run against the bailor's right to recover the bailed chattel, so long as the bailment lasts, and has not been put an end to by the bailee refusing to return the property on demand, or otherwise denying the trust and claiming the chattel as his own. This is the rule as to trustees generally, and it applies, also, to bailees." (See, also, Edwards on Bailments, sec. 175.) These principles of law have been incorporated into our Code of Civil Procedure (section 551), as follows: "Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete; except in one of the following cases: 1. Where the right grows out of the receipt or detention of money or property, by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends. 2. Where there was a deposit of money, not to be repaid at a fixed time, but only upon a special demand, or a delivery of personal property, not to be returned, specifically or in kind, at a fixed time or upon a fixed contingency, the time must be computed from the demand."

We conclude, therefore, that instruction 15 is a substantially correct statement of the law as applied to the facts in this case. The case of *Yore* v. *Murphy,* 18 Mont. 342, 45 Pac. 217, is not in point. The principle there laid down is altogether different from that involved in instructions 7, 9, and 15.

Instructions 7 and 9 are in appellant's favor. Instruction 15 conflicts with instructions 7 and 9; but, under the decision of this court in *State'* v. *Jones,* 32 Mont. 442, 80 Pac. 1095, appellant cannot complain of the conflict.

Appellant also complains of the form of the verdict, as not covering all the issues; and further argues that, because the jury awarded damages when none were proven, and more than plaintiff claimed in her complaint, it must be presumed that they acted through passion and prejudice. The verdict should, in terms, dispose of all the issues submitted to the jury. (Code Civ. Proc., sec. 1103; *Norcross* v. *Nunan,* 61 Cal. 640.) But, as this case must be remanded for a new trial, when court and counsel can see to it that a verdict proper in form under the issues. is returned, it will be unnecessary for this court to dwell longer upon these assignments of error.

The judgment and order of the district court are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Holloway. concur.