YORE, RESPONDENT, *v.* MURPHY, APPELLANT.

|Submitted June 4, 1896.   Decided June 8, 1896.]

STATUTE OF LIMITATIONS—*Conversion.*—In an action by a wife for the conversion of personal property belonging to her and sold by her husband to the defendant, without her knowledge, the statute of limitations begins to run against the plaintiff's right of action at the time of the sale and not at the time when she first had knowledge of the sale.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for conversion.   The cause was tried before BENTON, J.   Plaintiff had judgment below.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action for damages for the alleged conversion of personal property.   The plaintiff claims, in her complaint, to have been the owner of a band of sheep, known as the "Yore Band," consisting of 1,250 wethers and 1,650 ewes and lambs, and the wool of said sheep, alleged to be of the value of $2,000.   The complaint alleges that on the 20th day of June, 1890, the defendant, in Cascade County, Montana, wrongfully took and converted said sheep and wool to his own use, to the damage to plaintiff in the sum of $12,750.

The defendant, in his answer, denies that the plaintiff is the owner of any of such property, as well as all other material allegations of the complaint.   The defendant, further answering, alleges that on or about August, 1887, he became the

owner and possessed of said sheep by virtue of a purchase thereof from one James A. Yore, and alleges that, ever since that time, he has been in open, notorious, and adverse possession of said property, and all of it, as the owner thereof; and the defendant alleges that the cause of action set out in plaintiff's complaint is barred by the provisions of subdivision 3, § 42, of the Code of Civil Procedure (Compiled Statutes 1887). The allegations of the answer are denied by the replication of the plaintiff. The case was tried to a jury, and a verdict returned in favor of plaintiff for the sum of $5,000, upon which judgment was rendered in favor of plaintiff. From this judgment, and order refusing a new trial, the defendant appeals.

*William T. Pigott,* for Appellant.

Where the possession of property is obtained from one who has no right to transfer it, the right of action by the owner against the transferee accrues as soon as the transferee acquires possession. The want of knowledge by the owner of the taking in no wise affects the rule. The period within which the action must be brought commences when the right of action accrues. ( *Wells* v. *Ragland,* 1 Swan. (Tenn.) 501; *Mast* v. *Easton,* 33 Minn. 161; *Stanley* v. *Gaylord,* 1 Cush. 536; *Thrall* v. *Lathrop,* 30 Vt. 307; *Trudo* v. *Anderson,* 10 Mich. 357; *Whitney Co.* v. *McConnell,* 29 Mich. 12; *Harpending* v. *Meyer,* 55 Cal. 560; *Whitman* v. *Tritle,* 4 Nev. 495; *Fee* v. *Fee,* 10 Ohio, 469; s. c. 36 Am. Dec. 103; *Chapin* v. *Freeland,* 142 Mass. 383; s. c. 56 Am. Reps. 701; *Galvin* v. *Bacon,* 2 Fairf. (Me.) 28; *Riley* v. *Boston Co.,* 11 Cush. 11; *Hyde* v. *Noble,* 13 N. H. 494; *West* v. *Trenton,* 3 Vroom. N. J. 517; *Morris* v. *Moulton,* 40 Vt. 242.) The statute begins to run from the time of the unlawful taking and not from the discovery by plaintiff of that act. ( *West* v. *Trenton* and *Morris* v. *Moulton* and cases heretofore cited.) It is the settled law, that the statute is a bar to an action for conversion, commenced more than two years after the conversion, although plaintiff did not know of the conversion until within

that period. ( *Welton* v. *Co.* (Neb.) 20 N. W. Rep. 111; *Cook* v. *Clippard*, 12 Mo. 379; *McCombe* v. *Davies*, 6 East. 540 (cited in Wood on Limitation, p. 382, note); *Dee* v. *Hyland*, 3 Pac. Rep. 388; *Granger* v. *George*, 5 B. & C. 149; *Townsend* v. *Eichelberger*, 38 N. E. Rep. 207; *Commissioners* v. *Lods*, 36 N. E. Rep. 772; *Johnson* v. *White*, 13 S. & M. 584; *Smith* v. *Newby*, 13 Miss. 159; *Clark* v. *Marriott*, 9 Gill. 331; *Jordan* v. *Thornton*, 7 Ga. 517; *Ward* v. *Dulaney*, 23 Miss. 410; *Clark* v. *Reeder*, 18 Speers (S. C.) 398.)

*Massena Bullard*, and *Ransom Cooper*, also for Appellant.

*Walsh & Newman* and *Leslie & Downing*, for Respondent.

The plaintiff had no knowledge that the defendant claimed to be the owner of the sheep or that the Park boys were acting as his agents until 1890. His claim of possession of the sheep was not sufficient to set the statute of limitations to running against the plaintiff. The courts and text writers hold that to obtain title to property by adverse possession the possession of the party claiming title must be open, notorious and adverse and the owner must have knowledge of the possession and the adverse claim. (Buswell on Limitations, § 222–224; *Lucas* v. *Daniels*, 34 Ala. 188; *Baker* v. *Chase*, 55 N. H. 61; *Lawson* v. *Cunningham*, 21 Ga. 454; *Eureka Company* v. *Norman*, 16 S. 579; *Millett* v. *Lagomarsino*, 38 Pac. 308; *Pond* v. *Cheaves*, 16 S. 145; *Neilson* v. *Gregnon*, 55 N. W. 890; *Graydon* v. *Hard*, 55 Fed. 724; *Trufant* v. *Hudson*, 13 S. 83.)

PEMBERTON, C. J.—The first question presented is as to whether the plaintiff's cause of action, if she ever had a cause of action, is barred by the statute of limitations.

Under subdivision 3, § 42, of the Code of Civil Procedure (Compiled Statutes 1887), actions of this character are barred unless commenced within two years from the date of the conversion.

John A. Yore, mentioned in the statement, was the husband of the plaintiff; and it is conclusively shown that he sold the

sheep in controversy to the defendant in the month of August, 1887, and that the defendant had possession of the sheep from that time until the commencement of this suit, in June or July, 1890, that the defendant had open possession thereof, claiming to be the owner, all this time, is amply shown.

It is not disputed, either by the evidence or argument of counsel, that the defendant did purchase the sheep of John A. Yore, as above shown, and had possession as owner thereof during the time stated. But counsel for respondent contends that the sheep belonged to plaintiff in her own right; that her husband, who (they say) was her agent, had no authority to sell the sheep to defendant and that she had no knowledge that he had sold them to the defendant until about the time she commenced this action. Counsel for respondent, therefore, contend that the statute of limitations did not commence to run against plaintiff's right of action until she had knowledge of the sale by her husband and the conversion of the sheep by the defendant.

As a general rule the statute of limitations begins to run from the time when the right of action accrues. (1 Wood Lim. p. 311, § 117.) The same author (page 447, § 177) says: ''In the case of torts arising *quasi ex contractu*, the statute usually commences to run from the date of the tort, not from the occurrence of actual damage. And ignorance of the facts on the part of the plaintiff will make no exception to the rule, although he discovers his injury too late to have a remedy. This will be the case, too, even where the defendant has betrayed the plaintiff into permitting the time to elapse in fruitless inquiries and negotiations.''

In *Lattin* v. *Gillette*, 95 Cal. 317, 30 Pac. 545, the court says: ''The statute of limitations begins to run against a cause of action as soon as the right of action has accrued. Upon the breach of any special contract, the statute begins to run at the date of the breach, and a right of action growing out of the negligence of another accrues whenever the act of negligence is complete. ' When misconduct or negligence constitutes a cause of action, the statute of limitations begins to

run from the time when the defendant has been guilty of such misconduct or negligence.' ( *Wood* v. *Currey*, 57 Cal. 209.) Whether the negligence out of which the cause of action arises is the breach of an implied contract, or the affirmative disregard of some positive duty, is immaterial.   In either case, the liability arises immediately upon such breach of contract or disregard of duty, and an action to recover the damages which are the measure of such liability may be immediately maintained.   The right to maintain the action is distinguished from the measure of damages, and, although the entire damage resulting from such negligence may not have been sustained, or the fact that the negligence occurred may not have been known until the right to a recovery is barred, yet the time within which an action may be brought is not thereby prolonged.''

In *Harpending* v. *Meyer*, 55 Cal. 555, it was held : '' Where the possession of property is obtained, in good faith or otherwise, from one who had no right to transfer it, a right of action by the owner against the transferee accrues as soon as the latter acquires possession, and no demand or further act of conversion is necessary.   Accordingly, in an action against defendants, who had, in good faith and without notice of the plaintiff's rights, received in pledge the plaintiff's goods from her bailee, and afterwards sold them, *held*, that the statute of limitations commenced to run from the time of the defendants' acquiring possession, and not from the time of the subsequent sale of them.'' .

In *Fee* v. *Fee*, 10 Ohio 470, it was held that '' a fraudulent concealment by which plaintiff has been delayed will not enlarge the time of bringing an action under the statute of limitations.''

In section 27, Busw. Lim., it is said : '' It is a rule of the civil law that prescription begins to run from the time when the creditor acquires a full and perfect right to prosecute his demand.   *   *   *   Although the application of the rule is often attended with difficulty, and must vary with the facts and circumstances of each particular case, it may be said, in general, that it is a rule in equity, as well as in law, that the

cause of action or suit arises when and as soon as the party has a right to apply to the proper tribunal for relief.'' (*Brashin* v. *Tolleth* (Neb.) 48 N. W. 398; *Strickler* v. *Railway Co.*, 125 Ind. 412, 25 N. E. 455; *Tillison* v. *Ewing* (Ala.) 8 South. 404.)

Some authorities are to be found that hold that the statute of limitations does not begin to run, in cases like this, until the plaintiff could have known, by the exerci·e of proper vigilance, inquiry and effort, of the conversion of the property. But the facts of this case do not bring it within this rule, if it be conceded to be the correct rule of law.

Plaintiff says, in substance, that for years her husband had charge and the entire management of the sheep, and that she gave herself no concern about them.   For more than two years she and her husband were out of the state, living in St. Louis.  During this time defendant had possession, as owner, of the sheep.   Plaintiff says that, during this time, she never made any inquiry about the sheep, or made the least effort to ascertain who had the possession and care of them.   There is no reason apparent from the record why she could not have known all about the sheep, and defendant's possession and claim of ownership thereof, at any time during the years she claims to have been the owner of the property.   For over two years neither she nor her husband had anything to do with the sheep.   The defendant had the possession.   It is rather remarkable that, during the last two or three years of John A. Yore's life, neither he nor plaintiff ever questioned the title, ownership or possession of defendant to the sheep; but, the very moment Yore dies, plaintiff asserts her title, and proclaims her ignorance of the purchase or alleged conversion of the sheep by defendant.

There are many errors assigned in this case, too many of which, we think, are well sustained; but, as we are clearly of the opinion that the action is barred by the statute of limitations, it becomes unnecessary to treat any other question raised by the record.   If it be objected that we are too strictly enforcing the rule as to when the statute of limitations begins

to run, we have no cause to regret the strictness of its enforce
ment in this case. A careful consideration of the whole
record, and especially of her own evidence, in this case, con-
vinces us that plaintiff's cause is without merit, and that she
ought not to recover in any event.

As these views dispose of the case, the judgment and order
appealed from are reversed, and the case remanded, with in-
structions to grant a new trial, and proceed in conformity with
the views expressed in this opinion.

*Reversed.*

HUNT, J., concurs. DE WITT, J., not sitting.

[Submitted June 4, 1896. Decided June 8, 1896.]