BENNETT, RESPONDENT, *v.* MEEKER, APPELLANT.

(No. 4,479.)

(Submitted September 23, 1921. Decided November 14, 1921.)

[202 Pac. 203.]

*Claim and Delivery — Statute of Limitations — Livestock — Estrays.*

Claim and Delivery—Livestock—Estrays—Statute of Limitations.
  1. Section 6449, subdivision 4, providing that an action for fraud or mistake must be brought within two years after discovery of the facts, applies only to actions for fraud or mistake within the common acceptation of those terms, and not to an action in claim and delivery where defendant honestly and in good faith bought an estray from one wrongfully claiming to be the owner of the animal.

Statutory Construction.
  2. In construing a statute, the court must, if possible, ascertain the intent of the legislature in enacting it, and so construe it as to give effect to such intention.

Livestock—Estrays—Duty of Finder.
  3. One finding an estray is under no obligation to advertise the find in a county adjoining that in which the finder resides, or correspond with the recorder of brands in an effort to ascertain the rightful owner.

Claim and Delivery—Estrays—Ignorance of Owner—Right of Action—Statute of Limitations.
  4. In an action in claim and delivery to recover possession of a cow picked up by defendant and later in good faith purchased from one claiming to be but who was not the owner, defendant not having done anything to prevent the true owner from ascertaining the whereabouts of the animal and learning of his right of action, the fact that plaintiff was ignorant of the circumstances which would have enabled him to bring timely suit did not entitle him to sue after the limitation of two years fixed by subdivision 3 of section 6449, Revised Codes, had run.

*Appeals from District Court, Gallatin County; Ben B. Law, Judge.*

ACTION by George Bennett against Vina Meeker. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and remanded, with directions to enter judgment for defendant.

---

4. When limitations commence to run against action to recover lost property, see note in 29 L. R. A. (n. s.) 120.

*Messrs. Gibson & Smith,* for Appellant, submitted a brief;
*Mr. Fred L. Gibson* argued the cause orally.

Citing: *Harpending* v. *Meyer,* 55 Cal. 555; *Havird* v. *Lung,*
19 Idaho, 790, 115 Pac. 930; *Yore* v. *Murphy,* 18 Mont. 342,
45 Pac. 217; *Dee* v. *Hyland,* 3 Utah, 308, 3 Pac. 388; *Leavitt*
v. *Shook,* .47 Or. 239, 83 Pac. 391.

*Messrs. Keistr & Bath,* for Respondent, submitted a brief;
*Mr. Herbert D. Bath* argued the cause orally.

The statute of limitations does not begin to run against a
party where through no fault of his own he does not obtain
knowledge of the facts which constitute his cause of action,
and the statute does not begin to run until he had a reason-
able opportunity of ascertaining these facts. In support of
this proposition we offer the following authorities: *Spreckels* v.
*Spreckels,* 172 Cal. 775, 158 Pac. 537; *American Tobacco Co.* v.
*People's Tobacco Co.,* 204 Fed. 58, 122 C. C. A. 372; *Lasher*
v. *McCreery,* 66 Fed. 834; *Platt* v. *Platt,* 58 N. Y. 646.

MR. COMMISSIONER JACKSON prepared the opinion for
the court.

This is an action in claim and delivery to recover the possession
of a cow and increase two calves. The cause was first tried to
a justice of the peace and judgment rendered for plaintiff.
Upon appeal a trial was had in the district court, a jury being
waived by both parties. Judgment was duly given and entered
for the plaintiff. From the judgment and the order denying
a motion for a new trial defendant appeals.

There is no conflict in the evidence. It appears that in the
[1] fall of 1914, the cow strayed from plaintiff, and came,
along with defendant's cattle, to her ranch, and that she made
diligent inquiry of the range riders, and also advertised in the
"Shields Valley Record," a weekly, published at Wilsall, Park
county, Montana, and generally circulated in the neighborhood
of her ranch, to ascertain the owner. In the advertisements,

the brand was first described as EK, and later, after the cow had been sheared it looked like 5K, and was described accordingly in the advertisement. Both parties herein live in Gallatin county, Montana.

In December, 1914, or January, 1915, one Edgar Gibson, a resident of Clyde Park, Park county, Montana, claimed the cow as his property, and sold it to defendant for the sum of $25. Defendant has ever since the animal came to her ranch retained open possession of the cow and her increase. In the summer of 1917, plaintiff, after having continuously searched for it and made inquiries among his neighbors, appeared at defendant's ranch and demanded the cow. It bore his recorded brand, 5K. There is no question raised as to the identity or ownership of the animal, but defendant contends that the action for its possession is barred by the statute of limitations (subd. 3 of section 6449, Rev. Codes, as amended by Chap. 47, Laws 1917). The pertinent portion of the amended section reads as follows:

"Section 6449. Within two years:

"1. An action upon a liability created by statute other than a penalty of forfeiture.

"2. An action for waste or trespass on real or personal property; provided that, when the waste or trespass is committed by reason of underground work upon any mining claim, the cause of action shall not be deemed to have accrued, until the discovery by the aggrieved party of the facts constituting such waste or trespass.

"3. An action for taking, detaining or injuring any goods or chattels including actions for the specific recovery of personal property.

"4. An action for relief on the ground of fraud or mistake the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

"5. An action for killing or injuring stock by a railroad corporation or company."

This is not an action for relief on the grounds of fraud or mistake under the fourth subdivision, as this applies only to actions for fraud or mistake within the common acceptance of the term. (*Havird* v. *Lung,* 19 Idaho, 790, 115 Pac. 930, and cases cited.)

The law is well settled that in construing a statute, we must **[2]** ascertain if possible the intent of the legislature in enacting it, and so construe it as to give effect to that intention.

It will be observed that under subdivisions 2 and 4 the cause **[3,4]** of action does not accrue until a discovery is made by the party aggrieved. No mention of any such discovery appears in subdivision 3, under which this action is brought, and we cannot read into it that which the legislature, with apparent design, omitted. When, then, did this plaintiff have the right to sue for his property? Plaintiff's position is that the statute does not apply because he was diligent in search for his animal and on account of defendant's failure to advertise in Gallatin county, and likewise to correspond with the recorder of brands, and that therefore defendant was guilty of fraud. There is no duty imposed on defendant to seek the owner through such channels. She showed her honesty and good faith in advertising in the paper generally circulated in the vicinity of her home, where as a reasonable being she undoubtedly believed the owner resided. In support of his contention plaintiff cites *Spreckels* v. *Spreckels,* 172 Cal. 775, 158 Pac. 537; *American Tobacco Co.* v. *People's Tobacco Co.,* 204 Fed. 58, 122 C. C. A. 372; *Lasher* v. *McCreery* (C. C.), 66 Fed. 834; *Platt* v. *Platt,* 58 N. Y. 646; *Runyon* v. *Snell,* 116 Ind. 164, 8 Am. St. Rep. 839, 18 N. E. 522; *Quimby* v. *Blackey,* 63 N. H. 77.

We have carefully analyzed all of these decisions and others as well along the same line, but can find no parallel in them to the instant case. They are based upon fraud and concealment or in contravention of a right which came into being long after the cause of action was alleged to have accrued.

We find that the well-settled law on the identical situation in this case holds with the defendant, however harsh its application may seem.

This animal was bought honestly and in good faith by the defendant, yet its possession and use was a wrong upon and in violation of the rights of plaintiff from the time defendant bought it, for which he had his remedy at law for an unlawful conversion at any time within two years from date of conversion. It may be argued that such a right is in reality no right, but ignorance of the facts necessary to give plaintiff a right of action cannot be implied by law unless it is occasioned by improper conduct of the defendant, and no such conduct appears in this record. Therefore reversal is imperative. (*Dee v. Hyland,* 3 Utah, 308, 3 Pac. 388; *Leavitt* v. *Shook,* 47 Or. 239, 83 Pac. 391; *Yore* v. *Murphy,* 18 Mont. 342, 45 Pac. 217, and cases therein cited.) Any implication to the contrary which may be contained in *Woods* v. *Latta,* 35 Mont. 9, 88 Pac. 402, is hereby expressly disapproved.

The application of this subdivision of the law may appear rigid and unfair, and it finds its way into the statutes doubtless upon the theory that under the law of averages it gives the greatest good to the greatest number in tolling the rights of negligent claimants. The remedy for curing its apparent defects with respect to diligent and honest owners rests with the legislature and not with this court.

For the reasons herein stated, we recommend that the judgment and order denying a new trial be reversed, and the cause remanded to the district court, with directions to enter judgment for the defendant.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed, and the cause is remanded to the district court, with directions to enter judgment for the defendant.

*Reversed and remanded.*