## VIERS, RESPONDENT, *v*. WEBB, APPELLANT.

(No. 5,851.)

(Submitted March 3, 1926. Decided March 23, 1926.)

[245 Pac. 257.]

*Claim and Delivery—Demand, When Necessary, When not—*
*Husband and Wife—Bailment—Statute of Limitations.*

Contracts—Courts must Enforce Despite Bad Bargain.
  1.  It is the duty of the court to enforce a contract, even though
  the complaining party may have made a bad bargain.
Husband and Wife—Separation—Division of Property—Retention of
  Personal Property of Husband by Wife—Bailment.
  2.  Where under a separation agreement the wife accepted certain
  real property in full satisfaction of her rights in the property of
  the husband, and the latter granted her permission to use house-
  hold furniture owned by him until he should want it, the transac-
  tion constituted a bailment for the benefit of the wife for an
  indefinite period—a loan within the meaning of section 7702, Re-
  vised Codes of 1921.
Bailment—Contract may be Express or Implied.
  3.  The contract of bailment may be either express or implied,
  and the promise by the bailee to return the property may be
  implied from the acceptance and use of it.
Statute of Limitation—Begins to Run, When.
  4.  The rule that the statute of limitations begins to run only
  when the cause of action accrues applies to all actions.
Cause of Action—Definition.
  5.  A cause of action is the right which a party has to institute
  a judicial proceeding and consists of a union of the plaintiff's
  primary right and an infringement of it by the defendant.
Claim and Delivery—When Demand Necessary to Right to Maintain
  Action—When not.
  6.  While a demand for property acquired wrongfully is not neces-
  sary in order to enable the owner to maintain an action in claim
  and delivery for its possession, where the defendant lawfully acquired
  possession, a demand is essential and a condition precedent to his
  right to sue.
Bailment—When Bailee cannot Repudiate Bailor's Title.
  7.  So long as the relationship of bailor and bailee exists, the
  bailee is not permitted to repudiate the bailor's title.

---

  1.  See 25 R. C. L. 224.
  3.  See 3 R. C. L. 83.
  4.  When statute of limitations begins to run, see notes, in 97 **Am.
Dec.** 767; 17 **Am. St. Rep.** 55; 40 **Am. St. Rep.** 575; 86 **Am. St. Rep.**
535. See, also, 17 **R. C. L.** 748.
  5.  See 1 **R. C. L.** 313.
  6.  Necessity for demand, see notes in 66 **Am. St. Rep.** 374; 80
**Am. St. Rep.** 753. See, also, 23 **R. C. L.** 888.
  7.  See 3 **R. C. L.** 86.

Claim and Delivery—Bailment—Statute of Limitations.

    8.  Where plaintiff, in a claim and delivery action against his former wife to whom at the time of their separation he had loaned his household furniture, did not know of her claim of ownership until some two years and a half thereafter, when he made demand for it, his right of action did not accrue until refusal of his demand (par. 6, above) and the limitation of two years (sec. 9033, Rev. Codes 1921) did not commence to run until then.

---

    [1]  Contracts, 13 **C. J.**, sec. 407, p. 465, n. 93; sec. 513, p. 542, n. 29.  Husband and Wife, 30 **C. J.**, sec. 842, p. 1063, n. 85.
    [2]  Bailments, 6 **C. J.**, sec. 18, p, 1101, n. 31.  Husband and Wife, 30 **C. J.**, sec. 109, p. 579, n. 75 New.
    [3]  Bailments, 6 **C. J.**, sec. 30, p. 1105, n. 73; sec. 166, p. 1162, n. 32. Husband and Wife, 30 **C. J.**, sec. 796, p. 1031, n. 61 New.
    [4]  Limitation of Actions, 37 **C. J.**, sec. 152, p. 809, n. 99.
    [5]  Actions, 1 **C. J.**, sec. 28, p. 937, n. 78, 82, 84.
    [6]  Bailments, 6 **C. J.**, sec. 128, p. 1154, n. 6.  Detinue, 18 **C. J.**, sec. 19, p. 998, n. 41, 43.  Replevin, 34 **Cyc.**, p. 1405, n. 78; p. 1406, n. 87.
    [7]  Bailments, 6 **C. J.**, sec. 37, p. 1108, n. 5.
    [8]  Limitation of Actions, 37 **C. J.**, sec. 193, p. 840, n. 32; sec. 331, p. 959, n. 81.

*Appeal from District Court, Carbon County; Robert C. Stong, Judge.*

ACTION by Arthur Viers against Elsa V. Webb. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. John G. Skinner,* for Appellant, submitted a brief and argued the cause orally.

*Mr. C. C. Rowan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 8, 1922, plaintiff and defendant were husband and wife, living together with their two children in the family home in Red Lodge. On that day they entered into an agreement for a division of their property and for an immediate separation. The agreement provides: "That for and in consideration of the said party of the second part [defendant] releasing and relinquishing any and all claims, right, title or interest and

especially her dower right, that she may have or might have in and to any and all property now owned by the said party of the first part [plaintiff] or which he may hereafter acquire, own or possess, and also especially her right of inheritance and succession in case of death of the said party of the first part, the said party of the first part has at the time of the execution of this agreement transferred and conveyed unto the said party of the second part by warranty deed delivered at the time of the execution of this agreement the following described real estate situated in the city of Red Lodge, Carbon county, Montana, to-wit: Lot numbered one (1) of block numbered fifty-four (54) of the original plat of the city of Red Lodge, Carbon county, Montana, as said lot and block are designated and described on the official plat thereof on file and of record in the office of the county clerk and recorder of Carbon county, at Red Lodge, Montana.

"The said party of the second part hereby accepts the said described real estate in full satisfaction of any and all claim, right, title or interest and especially her dower right, that she may now own and may hereafter acquire in and to any and all property, real, personal or mixed of the said party of the first part, or which he may hereafter acquire, and also es- pecially her right of inheritance and succession in case of the death of the party of the first part, and the said party of the second part hereby acknowledges the receipt and delivery to her of said warranty deed transferring and conveying the real estate hereinbefore described."

Upon the completion of the agreement and the execution and delivery of the deed, plaintiff removed to another place of residence. On July 27, 1922, defendant secured a divorce, and about January 1, 1923, married a man by the name of Webb.

At the time the agreement was entered into there was a considerable amount of personal property (household furniture) in and about the family home, and it was left there in the possession of the defendant and was used by her for the benefit of herself and the children. On January 28, 1925, plaintiff

made a demand for the possession of the furniture, and, the demand being refused, he instituted this action.

In her answer defendant denied that plaintiff is the owner or entitled to the possession of the property, and denied that the value of the property exceeds $200. She also pleaded the statute of limitations (sec. 9033, Rev. Codes 1921).

The trial of the cause resulted in a verdict and judgment in favor of plaintiff, and defendant appealed. Only two questions are presented: Does the evidence sustain the verdict, and was plaintiff's right of action barred?

The agreement in question is one which the parties might [1] rightfully make (sec. 5787, Rev. Codes 1921), and, having made it, it is the duty of the courts to enforce it even though defendant may have made a bad bargain. (*McConnell* v. *Blackley*, 66 Mont. 510, 214 Pac. 64.)

The terms of the agreement do not leave room for doubt as [2] to the intention of the parties. Defendant accepted the real estate described, and surrendered any claim she might have to other property then owned by the plaintiff or which he might acquire thereafter. If the plaintiff owned the furniture on June 8, 1922, then by the terms of the agreement he continued to be the owner of it.

Plaintiff testified that he purchased and paid for the furniture during the period of his married life prior to June 8, 1922; that defendant did not contribute towards the purchase of any of it, and that he had not sold or otherwise disposed of it. This testimony is uncontradicted. The trial court treated the transaction with respect to the furniture as a loan.

Plaintiff testified: ''I wrote her in the letter she could keep the stuff until she got a stepfather for the children, and afterwards I told her I had use for it. I didn't say that I would not take the furniture back or would, if she got married. I would not move anything from the house or premises as long as she didn't get a stepfather for my children. That is what I said in the letter. I didn't say I would take it then or afterwards. That is all I said about it.'' With reference to a con-

versation between himself and defendant which occurred after the letter above was written, plaintiff testified: "I told her she could use the furniture until I wanted the rest of it. I got my clothing, or most of it, and my tools. At that time I told her she could use the rest of it, the furniture, etc., if she wanted to, until I wanted it. I did not ever tell her if she got a stepfather for the children I would remove it."

There cannot be any question that the transaction constituted a bailment for the sole benefit of the defendant, the bailee, and for an indefinite time—the *commodatum precarium* of the ancient law. (*Dillaree* v. *Doyle*, 43 U. C. Q. B. 442, 445.)

In 6 C. J. 1101, it is said: "The gratuitous loan or use of the thing bailed, the *commodatum* of the older classification, forms the division of bailments for the sole benefit of the bailee."

Section 7702, Revised Codes of 1921, defines a loan for use as "a contract by which one gives to another a temporary use and possession of personal property, and the latter agrees to return the same thing to him at a future time, without reward for its use."

It is elementary that the contract of bailment may be either [3] express of implied (*Jones* v. *Great Northern Ry. Co.*, 68 Mont. 231, 236, 217 Pac. 673; Van Zile on Bailments and Carriers, sec. 103; 6 C. J. 1105; 3 R. C. L. 83), and the promise by the bailee to return the property may be implied from the acceptance and use of it. (6 C. J. 1104; 33 L. R. A. (n. s) note 682.)

The evidence is ample to sustain the verdict and to justify the theory adopted by the trial court.

Whether plaintiff's right of action was barred by the statute [4] of limitations depends upon the answer to the inquiry: When did his right of action accrue?

"The statute of limitations begins to run when the right of action accrues, and never before. This is a general rule and applies to all actions." (*Collins* v. *Driscoll*, 69 Cal. 550, 552, 11 Pac. 244, 245; *Yore* v. *Murphy*, 18 Mont. 342, 45 Pac. 217.)

In *McLean* v. *Dickson,* 58 Mont. 203, 211, 190 Pac. 924, 926,
[5] this court said: " 'A cause of action is the right which
a party has to institute a judicial proceeding.' * * * and
consists of a union of the plaintiff's primary right and an in-
fringement of it by the defendant."

It is conceded by both parties, and necessarily so, that de-
[6] fendant's possession of the furniture was rightful in the
first instance, when it was left with her on June 8, 1922. While
a demand for property acquired wrongfully is not necessary
in order to enable the owner to maintain an action for its pos-
session, "where, however, defendant lawfully acquired posses-
sion of the property, a demand is essential to the termination
of the relation under which it is held and a condition precedent
to the right to maintain detinue." (18 C. J. 998.) In 6
C. J. 1154, it is said: "As a general rule there must be a
demand made upon the bailee and a refusal by him before suit
can be brought."

So long as the relationship of bailor and bailee exists, the
[7] bailee is not permitted to repudiate the bailor's title.
(6 C. J. 1108.) The exceptions to this rule are not material
here. The possession of the bailee is rightful in the first in-
stance; therefore there is not any infringement of the bailor's
right, and a right of action in his favor cannot arise until the
bailee refuses to perform the terms of the contract of bailment
or repudiates the bailment and the bailor has notice thereof.
(*Rathgeb's Estate,* 125 Cal. 302, 57 Pac. 1010; *Lucas* v. *Daniels,*
34 Ala. 188; 6 C. J. 1107.)

In this instance defendant testified that she claimed the
[8] furniture as her own from the time plaintiff left her on
June 8, 1922; but she does not assert any claim of ownership
prior to that date or independently of the agreement made at
that time, and there is not any evidence that plaintiff knew,
or ought to have known, of her claim, until he made the demand
on January 28, 1925. Under these circumstances a demand
and refusal were necessary before plaintiff's right of action
accrued and before the statute of limitations commenced to

run. (*Woods* v. *Latta,* 35 Mont. 9, 88 Pac. 402; 5 Cal. Jur. 172.)

*Bennett* v. *Meeker,* 61 Mont. 307, 202 Pac. 203, is typical of a class of cases distinct from the class to which the instant case and *Woods* v. *Latta,* above, belong. In *Bennett* v. *Meeker* the defendant did not comply with the terms of the statute applicable to estrays, and the relationship of bailor and bailee did not exist between her and the owner of the property; indeed there was not any privity between them. She purchased the property from one who assumed to be, but was not, the owner, and from the date of such purchase she exercised acts of ownership openly. In other words she converted the property to her own use and her wrongful possession immediately gave rise to a cause of action in favor of Bennett, the true owner, even though he did not know of the conversion of his property. In *Bennett* v. *Meeker* this court unnecessarily cast a doubt upon the correctness of a statement contained in the opinion of *Woods* v. *Latta.* When the facts of the two cases are considered critically, it will be found that there is not any conflict whatever between the two decisions. The decision in *Woods* v. *Latta* is predicated upon the theory that the relationship of bailor and bailee existed; hence the defendant's possession of the property in controversy was rightful in the first instance. Upon that premise this court held that a right of action did not accrue in favor of the plaintiff until she made a demand and there was a refusal, or until the defendant repudiated the bailment and the plaintiff had notice thereof.

Section 9033, Revised Codes of 1921, provides that an action to recover the possession of personal property must be commenced within two years. Since the demand was not made until January 28, 1925, and this action was commenced on February 9, 1925, the right of action was not barred.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.