No. 79-66

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

ENGINE REBUILDERS, INC.,

Counter-Defendant and Respondent,

vs.

SEVEN SEAS IMPORT-EXPORT & MERC.,
INC., and RAYMOND BRAULT, et ux, et al.,

Counter-Claimants and Appellants.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula.
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellants:

Raymond W. Brault, Helena, Montana

For Respondent:

Hirst, Dostal & Withrow, Missoula, Montana
Worden, Thane & Haines, Missoula, Montana
Datsopoulos, MacDonald & Lind, Missoula, Montana
James Sadler, Missoula, Montana

Submitted on briefs: May 29, 1980

AUG 13 1980

Decided: AUG 13 1980

Filed:

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Third party plaintiffs, Seven Seas Import-Export & Mercantile, Inc., and Raymond W. Brault, appeal from an order and judgment of dismissal by the District Court of the Fourth Judicial District, Missoula County, dismissing their counterclaim and third party complaint in favor of the counterdefendant, Engine Rebuilders, Inc., and third party defendants, Richard Dale Smith, Alice Smith, William D. Hirst, James H. Sadler and Missoula Bank of Montana.

In June 1973 Seven Seas contracted with Engine Rebuilders to construct a large commercial garage for the price of $46,229.50. To facilitate payment by Seven Seas for work done on the building, a $48,000 trust fund was established at Missoula Bank of Montana.

Seven Seas Import-Export & Mercantile, Inc., at the time of contracting, consisted primarily of Raymond Brault and his family as officers and shareholders. Engine Rebuilders, Inc., consisted primarily of Alice and Dick Smith and their family as officers and shareholders.

By April 5, 1974, the building still had not been completed. In addition, only $1,200 remained in the trust account. Several of the subcontractors remained unpaid, having to file mechanic's liens against the building totaling $10,543.75. To release these liens, Engine Rebuilders paid the $10,543.75 and invested an additional $5,000 to complete the unfinished building. Engine Rebuilders then filed suit on April 5, 1974, claiming appellants had withdrawn the trust money and misappropriated it for their own personal use. The attorney of record for Engine Rebuilders also petitioned the court for a hearing whereby appellants were to appear and state why the court should not attach

their personal and corporate property. The court after a hearing issued a writ of attachment against the property of Brault and Seven Seas.

On May 28, 1975, Raymond Brault, formerly doing business as Seven Seas Import-Export & Mercantile, Inc., filed a petition for bankruptcy in the United States District Court for Central District of California in Cause No. BK-75-09955(RW). Appellants were adjudicated as bankrupt on March 11, 1977.

On January 18, 1978, appellants filed an amended answer, counterclaim and third party complaint and a separate motion to strike, amended answer, counterclaim, and third party complaint on behalf of Raymond W. Brault. The claims brought by appellants alleged damages resulting from actions by respondents in the nature of libel, slander, contractual interference, conspiracy, negligence and conversion of personal property.

Respondents moved the District Court to dismiss appellants' counterclaim and third party complaint. On September 14, 1979, the court granted the dismissal, finding appellants' claims barred by the statute of limitations as set forth in section 93-2606, R.C.M. 1947, which has since been codified as section 27-2-204(3), MCA. This section provides: "The period prescribed for commencement of an action for libel, slander, assault, battery, false imprisonment, or seduction is within 2 years."

Appellants in appealing the dismissal contend that the judgment was clearly erroneous. In so contending, numerous issues have been raised by appellants, but this Court need only deal with the issue of whether the counterclaim and

third party complaint was barred by any applicable statute of limitations.

In determining whether the period of limitation has expired in a given case, it is necessary to examine two points in time. First, when did the cause of action which gave rise to the suit accrue? Second, when was the action commenced?

As to when the action commenced, Rule 3, M.R.Civ.P., states: "A civil action is commenced by filing a complaint with the court." In this instance appellants' counterclaim and third party complaint was filed on January 18, 1978.

Appellants argue that in determining when their action commenced, the court should look solely to when their *motion* for leave to file a motion to strike, amended answer, counterclaim and third party complaint was filed with the clerk of the District Court, that date being May 7, 1976. This argument must fail, however, because Rule 3, M.R.Civ.P., specifically states, "A civil action is commenced by filing a *complaint* with the court." A complaint cannot be equated with a motion for leave to file a complaint; thus, we conclude the District Court was proper in finding that appellants' action commenced on January 18, 1978.

As to when the limitation period begins to run, it is necessary to determine when appellants' alleged cause of action accrued. Gates v. Powell (1926), 77 Mont. 554, 252 P. 377; Cassidy v. Finely (1977), 173 Mont. 475, 568 P.2d 142; 51 Am.Jur.2d *Limitations of Actions* §107 at 679.

The alleged improper activity giving rise to appellants' allegations of libel in the counterclaim and third party complaint is that respondents William D. Hirst and James H. Sadler, as attorneys for Engine Rebuilders, made

-4-

improper use of District Court process by filing on April 5, 1974, the original complaint in this action. Appellants contend respondents filed this complaint knowing it contained unfounded and untruthful assertions and knowing that in so filing the allegations would be made public, thereby destroying appellants' business reputation.

The alleged improper conduct forming the basis of appellants' allegation of slander in the counterclaim and third party complaint is that respondents, in discussions among themselves beginning on December 1, 1973, falsely accused appellants of fraudulent misrepresentation, of illegally misappropriating monies from a trust fund, and of illegally misapplying the funds to their own personal use and then allowed these accusations to form the basis of the complaint filed by Engine Rebuilders and to be disseminated to various business concerns in the community.

Allegations of contractual interference, negligence, conspiracy and conversion of property made by appellants, if they are in fact proper in this action as to all respondents, are based upon the alleged slanderous actions of respondents and by the alleged improper filing of the original complaint on April 5, 1974, and the subsequent issuance of a writ of attachment as to appellants' property, thereby causing appellants to lose various contracts with other business concerns.

The District Court concluded that the alleged actions giving rise to appellants' claims accrued prior to or on April 5, 1974, the date Engine Rebuilders filed the original complaint. Appellants contend, however, that the improper conduct is ongoing, calculated to produce ongoing emotional and economic pressures. Appellants further contend that as

long as the complaint filed by Engine Rebuilders stands, the improper conduct continues to exert a present day oppression with coercion extending into the future. Appellants then conclude, in that the effect of the original complaint is ongoing, the statute of limitations does not commence to run until this complaint is dismissed.

In effect, appellants are arguing that the damaging results of respondents' alleged improper activity is continuing, and therefore, in determining when the statute of limitations starts to run, the court should look to when the alleged damage ceases, not when the alleged improper conduct occurred. In support of this proposition appellants rely on two Montana nuisance cases. Heckaman v. Northern Pac. Ry. Co. (1933), 93 Mont. 363, 20 P.2d 258; Walton v. City of Bozeman (1978), ___ Mont. ____, 588 P.2d 518, 35 St.Rep. 1977.

Relying on Heckaman appellants would have us believe that the consequential injuries resulting from the alleged improper actions of respondents is renewed each passing day and thus, the statute of limitations does not begin to run until the original complaint filed by Engine Rebuilders is dismissed. However, such a holding in this instance would be contra to the general rule stated in Heckaman, "that, when the act or omission constituting negligence causes direct or immediate injury, the action accrues from the doing of the act . . ." 20 P.2d at 261. (Emphasis added.)

Appellants have alleged that respondents' actions between December 1, 1973, and April 5, 1974, and the filing of the complaint by Engine Rebuilders on April 5, 1974, resulted in immediate and direct injury, that being a loss of business reputation and standing in the business com-

munity. Consequently, under Heckaman, appellants' actions accrued, in regard to those injuries, on April 5, 1974.

Walton likewise does not support appellants' argument that their cause of action is continuing in nature. In Walton the City of Bozeman reconstructed an irrigation ditch and the plaintiff incurred costs and damages caused by the flooding of his land on a yearly basis. This Court held that the plaintiff was not barred by a two-year statute of limitation because the reoccurring injuries were the result of a reoccurring nuisance. Here, the alleged acts which caused appellants direct damages occurred at a certain point in time with consequential effects. They are not based on reoccurring events such as an annual snow melt or spring flooding.

It being determined that appellants' alleged cause of action is not reoccurring in nature, appellants make a further argument in support of their position that the statute of limitations has not expired. Appellants contend that the filing of a petition for bankruptcy stayed the tolling of the statute of limitations from May 1975 until March 1977.

11 U.S.C. 362 of the Bankruptcy Act states that a suit which is pending against a person at the time of filing a petition of bankruptcy shall be stayed until adjudication or dismissal of the petition. Thus, lawsuits which are filed against a bankrupt are stayed during the bankrupt proceeding. However, nothing in the Bankrupt Act stays or prevents the petitioner before the Bankruptcy Court from filing claims against other parties.

11 U.S.C. 108 of the Bankruptcy Act provides for a tolling of the statute of limitations in regard to the

trustee in bankruptcy; but again, the Act states nothing about a suspension of the statute of limitations on actions that the bankrupt could file against other parties.

In Matter of Dickson (D. N.C. 1977), 432 F.Supp. 752, the court addressed the issue of whether a bankrupt couple could invoke the tolling provision of 11 U.S.C. 29(e) of the Bankruptcy Act (this section has been codified under the new Bankruptcy Act at 11 U.S.C. 108). In Dickson both the bankrupt and the trustee in bankruptcy brought an action against a defendant alleging violations of the Truth in Lending Act. In dealing with the issue of whether a one-year statute of limitations had tolled, the court stated:

> ". . . This action was commenced after the statute had run. Title 11 U.S.C. §29(e), however, gives a trustee two years after adjudication of bankruptcy to bring any action not barred at the time the bankruptcy petition was filed . . .

> "The action was not barred when the Dicksons filed their petition, and so the trustee's action is not barred.

> "There is no tolling provision for the debtors, however, and so their action is barred by the statute, and will be dismissed." 432 F.Supp. at 756. (Emphasis added.)

Since there is no tolling of a statute of limitations for anyone but a trustee in bankruptcy, appellants by filing a petition for bankruptcy did not suspend the running of the statute as to their claims.

Appellants' alleged claims as stated in the counter-claim and third party complaint were derived from activity occurring prior to and on April 5, 1974, the date on which the original complaint was filed by Engine Rebuilders, Inc. The statute of limitations was not tolled as to those claims. Therefore, the District Court was not erroneous in looking at this date and January 18, 1978, the date appellants'

action was filed, in determining if the statute of limitations had expired. The period between these two dates being over three years, the District Court was proper in finding appellants' claims barred.

The District Court's finding that all of appellants' claims, including those for contractual interference, conspiracy, negligence and conversion of property, are barred under section 27-2-204(3), MCA, which only applies in this instance to claims of libel and slander was not challenged by appellants in their brief. However, even if such a challenge had been made, the court could have dismissed it by looking to the applicable two-year and three-year statutes of limitations for each claim, all of which have expired.

Appellants also challenge the District Court's finding that all words resulting from a court action are privileged and thus cannot support a claim for libel or slander. However, in that all of appellants' claims, whether or not based on privileged activity, are barred by the statute of limitations, this issue need not be discussed.

The dismissal of appellants' counterclaim and third party complaint is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-