No. 79-52

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

SEVEN SEAS IMPORT-EXPORT & MERCANTILE,
INC., a Mont. Corp.,

        Plaintiff and Appellant,

  -vs-

HANDEE FOODS, INC., a Mont. Corp., and
FREDERICK W. KRIEGER, Individually,

        Defendants and Respondents.

Appeal from: District Court of the Fourth Judicial District,
       In and for the County of Missoula, The Honorable
       James B. Wheelis, Judge presiding.

Counsel of Record:

  For Appellant:

    Raymond W. Brault, Helena, Montana

  For Respondent:

    Tipp, Hoven & Skjelset, Missoula, Montana

        Submitted on Briefs: October 9, 1980
           Decided: JAN 14 1981

Filed: JAN 14 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Seven Seas Import-Export & Mercantile, Inc., appeals a summary judgment granted by the District Court of the Fourth Judicial District, Missoula County, the Honorable James B. Wheelis presiding, in favor of Handee Foods, Inc., and Frederick W. Krieger.

On August 25, 1978, appellant filed suit alleging three claims for relief. Each claim was based on a constable's sale, on May 29, 1974, of goods left at a warehouse owned by Handee Foods, Inc., and rented to Raymond Brault, president of Seven Seas Import-Export & Mercantile, Inc.

Brault rented a portion of the warehouse from respondent in 1973. He apparently needed the space to store specified types of fiberglass insulation to be used in the construction of metal buildings.

Appellant alleges that in March 1974 it became necessary to terminate the rental agreement with Handee Foods to allow appellant's performance on certain other contract matters outside the state. Seven Seas at this time was in arrears in rental payments amounting to approximately $896.

Appellant further alleges that Brault wrote to respondent, advising it of the situation and giving respondent a quantity of the insulation stored in the warehouse equal in wholesale price to the amount of rent owing. The balance of the insulation was then allegedly sold by appellant to various other business concerns which were told they could obtain their respective quantities at respondent's warehouse.

Respondent was allegedly informed of the other purchasers and was to release the insulation when they came to pick it up. Appellant contends, however, respondent refused to release the insulation, laid claim to the entirety of the

stored insulation, and then improperly sold it, retaining the proceeds.

Respondent, by way of answer, denied being contacted by Brault as to his need to terminate the rental agreement; denied accepting any quantity of insulation as payment of appellant's rent; denied being informed of the sale of the balance of the insulation to other business concerns; and denied that any purchasers came to pick up their respective quantities. Respondent then admits selling the insulation stored in its warehouse for nonpayment of rent by appellant.

After the complaint was filed, appellant served various interrogatories on respondent. Respondent, in answering them, revealed that the insulation was sold on May 29, 1974, to Handee Foods, Inc., the highest bidder, for $2,424.55. Respondent also stated that the sale was conducted pursuant to section 71-3-1203, MCA, by a constable for the Justice Court at respondent's warehouse. The sale was advertised by posting notice on May 16, 1974, in five public places in Missoula County.

Respondent also served interrogatories on appellant. However, they were never answered. No sanctions were requested by respondent, and, thus, the interrogatories were not part of the record submitted on the motion for summary judgment.

Respondent filed its motion for summary judgment on March 23, 1979. A hearing on the matter was held on April 9, 1979, after which the District Court granted the motion, finding that all claims brought by appellant were barred by applicable statutes of limitation. At the time the District Court made its decision, the submitted record included the complaint, answer, respondent's answers to interrogatories,

-3-

and an affidavit, filed the day of the hearing, stating that F. Dick Baker had purchased a quantity of insulation from appellant but was denied access to the goods by respondent.

Appellant moved to vacate the court's order on June 8, 1979. However, counsel failed to note the matter for hearing. After receipt of the motion to vacate, respondent served on appellant a notice that the motion was deemed denied pursuant to Rule 59, M.R.Civ.P., in that it had not been noted or heard within ten days of service as required.

Summary judgment was entered on December 16, 1980, and Seven Seas appeals.

Appellant raises numerous collateral contentions on appeal. The sole matter at issue, however, is whether the District Court was proper in finding that appellant's claims are barred by the statutes of limitation and, therefore, proper in granting respondent's motion for summary judgment.

In determining whether the period of limitation has expired in a given case, it is necessary to examine two points in time. First, when the did the cause of action which gave rise to the suit accrue? Second, when was the action commenced? Engine Rebuilders, Inc. v. Seven Seas Import-Export & Mercantile (1980), ____ Mont. _____, 615 P.2d 871, 37 St.Rep. 1406.

Rule 3, M.R.Civ.P., provides that a civil action is commenced upon the filing of the complaint. In this instance, the suit was initiated on August 25, 1978.

As to when the cause of action accrued and the limitation period thus started to run, it is necessary to examine the particular basis and theories upon which appellant seeks relief.

As a basis for his cause of action, appellant alleges in its complaint that respondent took improper control over the insulation stored in its warehouse; sold it without authority and then retained the proceeds. In asserting this cause of action, appellant makes a claim for recovery first on a theory that a constructive trust was established whereby respondent, as trustee, held the insulation and the proceeds therefrom for the benefit of appellant.

Appellant then asserts a second theory of recovery, sounding in tort (conversion), contending that respondent sold the insulation at an improperly conducted sale and, thus, is liable for the value of the goods.

Appellant finally contends, as a third claim for relief, that due to the willful and wanton disregard of its rights, it is entitled to exemplary damages.

Upon review of appellant's complaint, it is apparent that the alleged improper activity giving rise to appellant's claim of recovery occurred on or prior to the date respondent had the insulation sold, May 29, 1974. Consequently, over four years have passed between the accrual of the cause of action and the commencing of suit.

Appellant contends that, in determining when the cause of action accrued, we should not look to the date the insulation was sold but to the date appellant made a demand for the return of those goods, July 19, 1978. Appellant basis this argument on an allegation that it was without knowledge of the sale until it made a demand for the return of the insulation.

In rejecting appellant's argument, we note that when a court is presented with a motion for summary judgment, it must rely on the submitted pleadings, depositions, answers

to interrogatories and admissions on file, together with any supporting affidavits, in formulating its ruling on the motion. Rule 56(c), M.R.Civ.P. The District Court will not be held in error on the basis of documents not before it at the time it renders its decision. Baylor v. Jacobson (1976), 170 Mont. 234, 552 P.2d 55.

In this instance the allegation of lack of knowledge, demand and then refusal to return the goods was not raised in the complaint, the answer, the interrogatories or in any affidavit properly before the court at the time summary judgment was granted. The allegation, therefore, will not be considered on appeal as a basis for reversing the District Court's ruling.

In passing, we acknowledge that appellant attempts to support this issue on its motion to vacate with an affidavit and copy of a "demand" served on respondent. Appellant, however, failed to note the motion for any consideration or adjudication; further, it has failed to demonstrate that this information was unavailable prior to the District Court's granting of the summary judgment.

Upon reviewing the submitted record properly before the Court, even in a light most favorable to appellant, we must conclude that appellant's cause of action accrued prior to or on May 29, 1974, the date of the alleged improper sale. Consequently, four years expired between accrual and commencement of the action.

Section 27-2-207, MCA, provides:

"<u>Tort actions involving property</u>. Within 2 years is the period prescribed for the commencement of an action for:

". . .

"(2) taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property;"

Clearly, appellant's claim sounding in tort is barred by this two-year statute of limitation.

It could be argued that section 27-2-204, MCA (statute of limitation for general tort actions), is applicable. However, this section only extends the limitation to three years, and, thus, appellant's action is still properly barred.

In regard to appellant's claim of constructive trust, the alleged obligation (that respondent held the insulation or proceeds therefrom in trust) is one implied by law and not founded upon a written instrument. As to such an implied obligation, section 27-2-202(3), MCA, provides:

"Actions based on contract or other obligation.
. . .

". . .

"(3) The period prescribed for the commencement of an action upon an obligation or liability, other than a contract, account, or promise, not founded upon an instrument in writing is within 3 years."

Therefore, appellant's claim under a theory of constructive trust is also barred.

As to the claim for punitive damages, since the underlying cause of action is barred, the recovery of exemplary damages is barred as well.

The decision of the District Court that appellant's action is barred by applicable statutes of limitation is proper as based upon the record submitted at the time of its ruling. The summary judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

This cause was submitted prior to January 5, 1981.